**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| XIANGRONG WANG,<br><br>                    Petitioner,<br><br>     v.<br><br>LIJUN LU and MEI WANG,<br><br>                    Respondents. | Case No. |

**PETITION TO RECOGNIZE AND ENFORCE**
**FOREIGN ARBITRAL AWARD**

Petitioner, Xiangrong Wang ("Petitioner"), by and through his undersigned counsel, petitions this Court to recognize, confirm, and enforce a foreign arbitral award against Respondents Lijun Lu and Mei Wang (collectively, "Respondents") under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), as implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–208. In support, Petitioner alleges as follows:

**I.     NATURE OF THE ACTION**

1.     This is an action to recognize, confirm, and enforce a foreign arbitral award under the New York Convention and 9 U.S.C. § 207.

1

2.     On February 5, 2024, the Beijing Arbitration Commission/Beijing International Arbitration Center (the "BAC" or the "Tribunal") issued a final and binding arbitral award in Beijing, China, in favor of Petitioner and against Respondents (the "Final Award").

3.     Petitioner seeks an order recognizing and confirming the Final Award and entry of judgment consistent with its terms.

## II.    PARTIES

4.     Petitioner Xiangrong Wang is a citizen of the People's Republic of China and resides in China.

5.     Respondent Lijun Lu is, upon information and belief, a United States citizen. In separate Florida litigation, Lu has asserted that he is domiciled in the People's Republic of China and not a Florida resident. Petitioner is informed and believes, however, that Lu is associated with and uses the address 11732 Sunsail Avenue, Orlando, Florida 32832, which is also the residence of Respondent Mei Wang, and that Lu maintains substantial contacts with Florida as alleged below.

6.     Respondent Mei Wang is, upon information and belief, a United States citizen residing at 11732 Sunsail Avenue, Orlando, Florida 32832.

## III.    JURISDICTION AND VENUE

7.    This Court has subject-matter jurisdiction under 9 U.S.C. §§ 203 and 207 because this action falls under the New York Convention.

8.    This Court has personal jurisdiction over Respondent Mei Wang because she is domiciled in Florida and resides in Orange County, Florida. Public records further reflect that Wang owns residential real property located at 11732 Sunsail Avenue, Orlando, Florida 32832, holds a current Florida driver's license issued at that address, and is an active Florida voter registered at that address. Wang is therefore "at home" in Florida and subject to personal jurisdiction in this State.

9.    This Court also has personal jurisdiction over Respondent Lijun Lu. Although Lu has represented in separate Florida litigation that he is domiciled in China, domicile outside Florida does not defeat personal jurisdiction where a defendant has sufficient suit-related minimum contacts with Florida. Upon information and belief, Lu purposefully directed conduct into Florida in connection with the very debt and obligations at issue in this action by transmitting wires, emails, and WeChat messages to Mei Wang in Orlando, Florida concerning the Final Award, including recognition, enforcement, payment, and/or nonpayment of the award obligations for which Lu and Wang are jointly liable.

10.    Upon information and belief, Lu's Florida-directed communications and transfers were deliberate and not random, fortuitous, or attenuated. This action

arises directly from those contacts because Petitioner seeks recognition, confirmation, and enforcement of the same arbitral award and payment obligations that were the subject of Lu's communications and transfers into Florida.

11.    Public records also associate Lu with the Orlando residence at 11732 Sunsail Avenue, Orlando, Florida 32832. In addition, Orange County property records reflect that on November 16, 2023, title to that property was conveyed to "Mei Wang, a married woman." Upon information and belief, Lu, as Wang's spouse, claims, holds, uses, benefits from, and/or has a marital, beneficial, possessory, and/or equitable interest in that Florida property. Those Florida property-related ties further confirm Lu's purposeful affiliation with Florida.

12.    Exercising personal jurisdiction over Lu and Wang comports with traditional notions of fair play and substantial justice. Florida has a strong interest in adjudicating enforcement proceedings involving a Florida resident, Florida property, and Florida-directed conduct concerning a binding international arbitral award. Petitioner likewise has a strong interest in obtaining effective relief in the jurisdiction where Respondents and/or their assets are found.

13.    Venue is proper in this District under 9 U.S.C. § 204 because Respondent Mei Wang resides in this District, Respondents are found and/or have property interests in this District, and assets or property that may be subject to enforcement are located in Orange County, Florida.

## IV.    FACTUAL BACKGROUND

### The Arbitration Agreements

14.    The Final Award arises from disputes under three agreements titled Repurchase Agreement Regarding Certus Stock Income Rights, executed on March 30, 2021, September 6, 2021, and December 20, 2021, respectively, among Petitioner, Respondent Lijun Lu, and other parties (collectively, the "Three Repurchase Agreements").

15.    Each of the Three Repurchase Agreements contains a written arbitration clause providing, in substance, that any dispute arising out of or relating to the agreement shall first be submitted to negotiation and, if negotiation fails, shall be submitted to arbitration before the Beijing Arbitration Commission/Beijing International Arbitration Center in accordance with its rules (the "Arbitration Clauses").

16.    As detailed below, on January 19, 2024, Respondent Mei Wang executed an Arbitration Agreement and Debt Assumption Agreement in the BAC case, by which she agreed to arbitrate before the BAC and acceded to the relevant obligations, and she thereafter joined the arbitration as a respondent.

### The Arbitration Proceedings in Beijing

17.    On August 21, 2023, Petitioner filed an application for arbitration with the BAC concerning disputes arising under the Three Repurchase Agreements.

5

18.    On August 23, 2023, the BAC accepted the case, designated as (2023) JZAZ No. 06963, based on Petitioner's application, the arbitration clauses, and applicable law.

19.    The BAC thereafter served the relevant notices and arbitration materials on the parties in accordance with its rules, including the notice of acceptance, notice of defense, arbitration rules, list of arbitrators, Petitioner's arbitration application, and supporting evidence.

20.    On September 26, 2023, Petitioner submitted additional evidence, which the BAC served on Respondent Lu.

21.    On November 23, 2023, the BAC issued the notice of tribunal formation and notice of hearing. No party objected to the composition of the Tribunal.

22.    On December 27, 2023, the BAC issued a notice rescheduling the hearing.

23.    On January 19, 2024, Petitioner and Respondent Lu reached a settlement during the arbitration hearing and executed a Settlement Agreement of Case (2023) JZAZ No. 06963 (the "Settlement Agreement"). They requested that the BAC issue an arbitral award based on that agreement.

24.    Also on January 19, 2024, Respondent Mei Wang executed an Agreement on Arbitration and Debt Assumption of Case (2023) JZAZ No. 06963 (the "Assumption Agreement").

25.    Based on the Agreement on Arbitration and Debt Assumption, Respondent Mei Wang voluntarily joined and participated in the arbitration as a respondent, agreed to waive the response period, service deadlines, and the right to appoint an arbitrator.

26.    On January 31, 2024, the BAC accepted that application and added Respondent Mei Wang as a respondent. No party objected.

**The Final Award**

27.    On February 5, 2024, the BAC issued the Final Award in favor of Petitioner and against Respondents.

28.    The Final Award ordered, among other things, that:

a. Respondents jointly pay Petitioner CNY 159,808,219.18 in repurchase consideration, in three installments;

b. Respondents jointly pay Petitioner CNY 1,833,013.87 as compensation for losses by April 30, 2024;

c. Respondents jointly reimburse Petitioner CNY 935,963.26 for arbitration and preservation fees; and

d. If Respondents fail to timely and fully satisfy the payments ordered, Respondents shall be immediately obligated to jointly pay:

- the outstanding repurchase consideration in the amount of CNY 152,280,821.92 (provisionally calculated through August 18, 2023),

- continuing interest calculated on the principal amount of CNY 125,000,000.00 at 10% per annum from August 19, 2023 until full payment,

- compensation for losses of CNY 1,833,013.87, and

- a liquidated damage of CNY 10,000,000.00.

29. The Final Award is final and binding.

30. Respondents have failed to satisfy the monetary obligations imposed by the Final Award.

31. On information and belief, after issuance of the Final Award and during the period of nonpayment, Lu communicated repeatedly with Wang in Orlando, Florida by wire transfer, email, and WeChat regarding the Award and efforts to address, delay, avoid, and/or satisfy the obligations imposed by the Award. Those Florida-directed contacts are part of the same nucleus of operative facts giving rise to this enforcement proceeding.

## V.    LEGAL BASIS FOR RECOGNITION AND ENFORCEMENT

32. The New York Convention permits recognition and enforcement in the United States of arbitral awards made in the territory of another contracting state. *See* New York Convention art. I.

33. China is a contracting state to the New York Convention.

34. Under Article IV of the New York Convention, an applicant for recognition and enforcement must produce the duly authenticated original award or a duly certified copy, together with the original arbitration agreement or a duly certified copy, and certified translations where necessary.

35. Petitioner has submitted, or will submit, true and correct copies of the Final Award and the relevant arbitration agreements, together with certified English translations.

36. Under 9 U.S.C. § 207, a court "shall confirm" an arbitral award falling under the New York Convention unless one of the Convention's limited grounds for refusal or deferral applies.

37. None of the grounds for refusal or deferral set forth in the New York Convention applies to the Final Award.

## COUNT I
## RECOGNITION, CONFIRMATION, AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD

38. Petitioner realleges paragraphs 1 through 37 as if fully set forth herein.

39. The Final Award was made in China, a contracting state to the New York Convention.

40. The Final Award arises from written arbitration agreements within the meaning of the New York Convention and the Federal Arbitration Act.

41.   Petitioner has satisfied the statutory and treaty requirements for recognition and enforcement of the Final Award.

42.   Because no valid defense to recognition or enforcement applies, this Court should recognize, confirm, and enforce the Final Award under 9 U.S.C. § 207 and enter judgment accordingly.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court enter an order:

A. Recognizing, confirming, and enforcing the Final Award pursuant to 9 U.S.C. § 207;

B. Entering judgment in favor of Petitioner and against Respondents, jointly, in accordance with the Final Award;

C. Awarding Petitioner $22,301,098.63 [1], representing the outstanding repurchase consideration of CNY 152,280,821.92 as awarded in the Final Award and converted to U.S. dollars;

D. Awarding Petitioner $4,869,369.11, representing interest on the principal amount of CNY 125,000,000.00 at 10% per annum from August 19, 2023 through the date of filing of this Petition, totaling CNY 33,250,000.00, as converted to U.S. dollars;

---

[1] See https://finance.yahoo.com/quote/CNY%3DX/ , visited on April 11 2026, at 8:10 p.m. Central Time.

E.   Awarding   Petitioner $268,439.73,   representing CNY   1,833,013.87 in compensatory losses awarded in the Final Award, as converted to U.S. dollars;

F.   Awarding   Petitioner $137,069.19,   representing CNY   935,963.26 in arbitration fees awarded in the Final Award, as converted to U.S. dollars;

G. Awarding Petitioner $1,464,471.91, representing the liquidated damages or penalty in the amount of CNY 10,000,000.00 awarded in the Final Award, as converted to U.S. dollars;

H. Awarding pre-judgment interest to the extent permitted by law;

I. Awarding post-judgment interest from the date of judgment until satisfaction of the judgment; and

J. Granting such other and further relief as the Court deems just and proper.

Dated: April 30th, 2026          Respectfully submitted,

FISHERBROYLES, LLP

*/s/ Robert B. Graziano*
ROBERT B. GRAZIANO
Florida Bar No. 051249
Email: robert.graziano@fisherbroyles.com
950 North Collier Blvd., Suite 205
Marco Island, FL 34145
Telephone: (239) 877-3077

*/s/ Jiangang Ou*
JIANGANG ("JAMES") OU
Texas Bar No. 24127006
FisherBroyles, LLP
2925 Richmond Ave., Suite 1200
Houston, TX 77098
PH: 713-732-1637
James.Ou@fisherbroyles.com
*Pro Hac Vice pending*

*Attorney for Petitioner XIANGRONG WANG*

12

## CERTIFICATE OF SERVICE

I certify that on April 30th, 2026, a true and correct copy of this pleading was served via CM/ECF on all counsel of record.

/s/ Robert B. Graziano
ROBERT B. GRAZIANO
Florida Bar No. 051249

13