**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| XIANGRONG WANG,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>LIJUN LU and MEI WANG,<br><br>　　　　　　　Respondents. | Case No. |

---

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION TO RECOGNIZE, CONFIRM, AND ENFORCE**
**ARBITRAL AWARD AND**
**TO ENTER JUDGMENT IN FAVOR OF PETITIONER**

---

Petitioner Xiangrong Wang ("Petitioner") respectfully submits this Memorandum of Law in support of his Petition to Recognize, Confirm, and Enforce Foreign Arbitral Award (the "Petition") against Respondents Lijun Lu and Mei Wang (collectively, "Respondents").

On February 5, 2024, the Beijing Arbitration Commission/Beijing International Arbitration Center ("BAC") issued a final and binding arbitral award in Beijing, China, in favor of Petitioner and against Respondents (the "Final Award"). The Final Award arises from a qualifying foreign arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York

1

Convention"), as implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–208.

Under 9 U.S.C. § 207, a district court "shall confirm" an arbitral award falling under the New York Convention unless one of the Convention's limited grounds for refusal or deferral applies.

None applies here. The Petition should therefore be granted, the Final Award recognized and confirmed, and judgment entered accordingly.

## I.    THE COURT HAS SUBJECT-MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE

**A.    Subject-Matter Jurisdiction Exists Under the New York Convention and the FAA.**

This court has original subject-matter jurisdiction under 9 U.S.C. § 203 because this action falls under the New York Convention. The Petition seeks recognition and enforcement of a foreign arbitral award rendered in China, a contracting state to the Convention. The Final Award therefore falls squarely within Chapter 2 of the FAA. *See* 9 U.S.C. §§ 201, 203, 207.

**B.    The Court has personal jurisdiction over Respondent Mei Wang.**

This Court has personal jurisdiction over Respondent Mei Wang because she is domiciled in Florida and is "at home" in this State. In separate Florida litigation, Respondents represented that "Defendant Wang is a female domiciliary and citizen of Florida." *See* Declaration of Jiangang Ou ("Ou Decl."), Ex. 1 at 1. Public records

further confirm that Wang resides at 11732 Sunsail Avenue, Orlando, Florida 32832, owns that Orlando residence, holds a current Florida driver's license issued at that address, and is an active Florida voter registered at that address. *See* Ou Decl., Ex. 2; Ex. 3 at 1, 6–9. Those facts readily establish personal jurisdiction over Wang in Florida. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

C.    **The Court also has personal jurisdiction over Respondent Lijun Lu.**

Respondent Lijun Lu has asserted in separate Florida litigation that he is domiciled in the People's Republic of China and has never lived in Florida. *See* Ou Decl., Ex. 1 at 1. Even accepting that assertion for present purposes, personal jurisdiction over Lu remains proper because due process is satisfied where a defendant has sufficient minimum contacts with Florida and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–78 (1985); *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1355–57 (11th Cir. 2013).

Here, Lu has purposeful, suit-related contacts with Florida.

First, upon information and belief, Lu intentionally directed communications and transfers into Florida to Mei Wang in Orlando concerning the very obligations at issue in this action—namely, the recognition, enforcement, payment, non-

3

payment, delay, or avoidance of the Final Award, for which Lu and Wang are jointly and severally liable. Those Florida-directed contacts are not random or attenuated. They were purposefully directed to a Florida resident in Florida and relate directly to the debt Petitioner now seeks to confirm and reduce to judgment in this Court.

Second, public records and commercial investigative records associate Lu with the Orlando residence at 11732 Sunsail Avenue, Orlando, Florida 32832. Ou Decl., Ex. 3 at 3; Ex. 4 at 1. LexisNexis records identify Lu in association with that address and also identify him as associated with Wang's present Florida residence. Ou Decl., Ex. 3 at 3; Ex. 4 at 1.

Third, Orange County property records show that the property located at 11732 Sunsail Avenue was conveyed on November 16, 2023 to "Mei Wang, a married woman," with a mailing address of that same Orlando property. Ou Decl., Ex. 2 at 1. In the separate Orange County litigation, Lu admitted that Wang is his wife. Ou Decl., Ex. 1 at 1. Upon information and belief, Lu therefore claims, uses, benefits from, resides at, and/or possesses at least a marital, beneficial, possessory, and/or equitable interest in that Florida property.

Taken together, Lu's Florida-directed conduct concerning the Final Award, his association with the Orlando residence, and his marital/property-related ties to Florida establish sufficient minimum contacts with Florida for this enforcement

4

proceeding. This action arises directly out of those contacts because Petitioner seeks recognition and enforcement of the same arbitral award and the same payment obligations that were the subject of Lu's Florida-directed communications and Florida ties.

The exercise of jurisdiction over Lu is also reasonable. Florida has a substantial interest in adjudicating an enforcement action involving a Florida resident co-obligor and Florida-based property interests. Petitioner has a strong interest in obtaining effective relief in the jurisdiction where Respondents and/or their assets are found. Exercising jurisdiction over Lu therefore comports with fair play and substantial justice. *See Burger King,* 471 U.S. at 476–78; *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d at 1358.

### D.      Venue is proper in this District.

Venue is proper in the Middle District of Florida under 9 U.S.C. § 204 because Respondent Mei Wang resides in Orange County, Florida, within this District, and Respondents are found and/or have property interests in this District, including residential real property located in Orlando, Florida. *See* Ou Decl., Exs. 1–4.

## II.      THE FINAL AWARD FALLS UNDER THE NEW YORK CONVENTION

The New York Convention applies to arbitral awards made in the territory of a state other than the state where recognition and enforcement are sought. New York Convention art. I. The Final Award was rendered in Beijing, China. China is a

contracting state to the Convention. The award therefore falls under the Convention and is enforceable in this Court under 9 U.S.C. §§ 201 and 207.

The arbitration arose from written commercial agreements containing arbitration clauses requiring disputes to be submitted to the BAC. As set forth in the Petition, the BAC accepted the arbitration, conducted the proceedings, and issued the Final Award on February 5, 2024. The Award is final and binding on Respondents.

## III. PETITIONER HAS SATISFIED THE CONVENTION'S DOCUMENTARY REQUIREMENTS

Article IV of the New York Convention requires the party seeking recognition and enforcement to supply: (1) the duly authenticated original award or a duly certified copy; (2) the original arbitration agreement or a duly certified copy; and (3) certified translations if necessary. New York Convention art. IV.

Petitioner has submitted, or is submitting with the Petition and supporting declarations, true and correct copies of the Final Award and the relevant arbitration agreements, together with certified English translations. Petitioner has therefore satisfied the Convention's documentary requirements.

## IV. THE COURT MUST CONFIRM THE FINAL AWARD BECAUSE NO ARTICLE V DEFENSE APPLIES

Section 207 of the FAA provides that the Court "shall confirm" a qualifying foreign arbitral award unless it finds one of the limited grounds for refusal or deferral

set forth in the New York Convention. 9 U.S.C. § 207. Those defenses are narrow and the Convention embodies a strong pro-enforcement policy. *See*, e.g., *Cvoro v. Carnival Corp.,* 941 F.3d 487, 494–95 (11th Cir. 2019). Here, nothing before the Court suggests that any Article V defense applies. There is no basis to conclude that the arbitration agreement was invalid, that Respondents lacked notice of the arbitration, that the Award exceeded the scope of the submission, that the arbitral procedure was improper, that the Award is not yet binding, or that recognition would violate public policy. To the contrary, the record reflects that:

1. the arbitration was conducted before the BAC pursuant to written arbitration agreements;

2. Respondent Lu participated in the arbitration and entered into a settlement during the BAC hearing;

3. Respondent Mei Wang executed an Accession Agreement, entered the arbitration, and waived certain procedural periods and rights;

4. no party objected to the composition of the tribunal; and,

5. the BAC issued a final and binding award against both Respondents.

Because no Convention defense applies, confirmation is mandatory. *See* 9 U.S.C. § 207.

## V.     JUDGMENT SHOULD BE ENTERED IN ACCORDANCE WITH THE FINAL AWARD

The Final Award ordered Respondents, jointly, to pay Petitioner substantial monetary relief, including repurchase consideration, compensation for losses, arbitration and preservation fees, continuing interest, and a contractual penalty upon default. Respondents have failed to satisfy the Final Award.

The Court should therefore recognize, confirm, and enforce the Final Award, and enter judgment in favor of Petitioner and against Respondents consistent with the Petition.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant the Petition, recognize and confirm the Final Award pursuant to 9 U.S.C. § 207, enter judgment in Petitioner's favor and against Respondents, jointly, in accordance with the Final Award, and grant such further relief as the Court deems just and proper.

[remainder of page intentionally left blank]

8

Respectfully submitted,

Dated: April 30th, 2026

        FISHERBROYLES, LLP

        */s/ Robert B. Graziano*
        ROBERT B. GRAZIANO
        Florida Bar No. 051249
        Email: robert.graziano@fisherbroyles.com
        950 North Collier Blvd., Suite 205
        Marco Island, FL 34145
        Telephone: (239) 877-3077

        */s/ Jiangang Ou*
        JIANGANG ("JAMES") OU
        Texas Bar No. 24127006
        Email: James.Ou@fisherbroyles.com
        FisherBroyles, LLP
        2925 Richmond Ave., Suite 1200
        Houston, TX 77098
        Telephone: (713)732-1637
        *Pro Hac Vice pending*

        *Attorney for Petitioner XIANGRONG WANG*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 30th, 2026, a true and correct copy of this pleading was served via CM/ECF on all counsel of record.

*/s/ Robert B. Graziano*
ROBERT B. GRAZIANO
Florida Bar No. 051249
