**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| XIANGRONG WANG, | Case No. |
| Petitioner, | |
| v. | |
| LIJUN LU and MEI WANG, | |
| Respondents. | |

**DECLARATION OF JIANGANG OU IN SUPPORT OF PETITIONER'S PETITION TO RECOGNIZE, CONFIRM, AND ENFORCE FOREIGN ARBITRAL AWARD**

I, Jiangang Ou, declare as follows:

1. I am an attorney with FisherBroyles, LLP and counsel for Petitioner Xiangrong Wang in this action. I make this declaration based on my personal knowledge and on records obtained by me or under my direction in the course of representing Petitioner. If called as a witness, I could and would testify competently to the matters stated herein.

2. In connection with investigating personal jurisdiction, venue, and enforcement-related issues in this action, I obtained true and correct copies of certain public records and commercially available investigative reports

1

relating to Respondents Mei Wang and Lijun Lu and their connections to the State of Florida.

3.  Attached hereto as Exhibit 1 is a true and correct copy of the filing titled "Second Notice of Objection to Recording of Foreign Money Judgment," filed on or about March 7, 2025, in the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2024-CA-010694-O. I obtained this document from the Florida state-court filing materials provided to our office. Among other things, this filing states that "Defendant Wang is a female domiciliary and citizen of Florida" and that "Defendant Lu, husband of Wang, is and has been at all relevant times a domiciliary of the People's Republic of China." Ex. 1 at 1.

4.  Attached hereto as Exhibit 2 is a true and correct copy of the Special Warranty Deed recorded in Orange County, Florida, as Document No. 20230670563, recorded on November 20, 2023. I obtained this document from the Orange County public land records as provided to our office. The deed reflects that the property located at 11732 Sunsail Avenue, Orlando, Florida 32832 was conveyed to "Mei Wang, a married woman."

5.  Attached hereto as Exhibit 3 is a true and correct copy of excerpts from a LexisNexis SmartLinx Person Report for Mei Wang, generated on March 30,

2026. I obtained this report through LexisNexis public-records research performed for this litigation. The report reflects, among other things, that:

a. Mei Wang's current address is listed as 11732 Sunsail Ave, Orlando, FL 32832-3009;

b. Mei Wang is associated with that Orlando address;

c. Mei Wang has an active Florida voter registration at that address;

d. Mei Wang has a current Florida driver's license issued at that address; and

e. Mei Wang is associated with ownership of the real property located at 11732 Sunsail Ave, Orlando, Florida.

6. Attached hereto as Exhibit 4 is a true and correct copy of an excerpt from a LexisNexis SmartLinx Comprehensive Person Report for Lijun Lu, generated on April 15, 2026. I obtained this report through LexisNexis public-records research performed for this litigation. The report reflects that Lijun Lu a/k/a Lijun Wang is associated with the address 11732 Sunsail Ave, Orlando, FL 32832-3009.

7. The documents attached as Exhibits 1 and 2 are copies of public records or court records obtained in the course of this representation. The documents attached as Exhibits 3 and 4 are true and correct copies of LexisNexis reports

3

obtained in the course of this representation and maintained by our office as part of its litigation file.

8. I submit this declaration solely to authenticate the attached exhibits in support of Petitioner's allegations and arguments concerning personal jurisdiction, venue, and related enforcement issues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 30th, 2026.

/s/ Jiangang Ou
Jiangang Ou, Esq.

Attached hereto as exhibits:

- **Exhibit 1:** 3/7/2025 Second Notice of Objection to Recording of Foreign Money Judgment
- **Exhibit 2:** 11/16/2023 Special Warranty Deed / recorded 11/20/2023 / 11732 Sunsail Ave
- **Exhibit 3**: LexisNexis SmartLinx Person Report for Mei Wang (relevant excerpts)
- **Exhibit 4**: LexisNexis SmartLinx Person Report excerpt for Lijun Lu (relevant excerpts)

**Exhibit 1**

Case 6:26-cv-00951-AGM-NWH Document 1-3 Filed 05/01/26 Page 6 of 34 PageID 31

IN THE COUNTY COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2024-CA-010694-O

JIAXING TTGG YUANCHENG EQUITY INVESTMENT PARTNERSH,

    Plaintiff,

vs.

LIJUN LU, and MEI WANG,

    Defendants.

_____

## NOTICE OF FILING

Please take notice that defendants Lijun Lu and Mei Wang, through their undersigned counsel,

hereby file with the Court the attached Second Notice of Objection to Recording of Foreign Money

Judgment, pursuant to Florida Statutes Section 55.604(2).

Dated: March 7, 2025

                                   Respectfully submitted,

                                   **MAZZOLA LINDSTROM LLP**

                                 /s/ Jean-Claude Mazzola
                                 JEAN-CLAUDE MAZZOLA
                                 Florida Bar No. 73466
                                 1350 Avenue of the Americas, Second Floor
                                 New York, New York 10019
                                 Tel.: (646) 250-6666
                                 Email: jeanclaude@mazzolalindstrom.com

**EXHIBIT A**

IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY FLORIDA

-----------------------------------------------------------------------x

JIAXING TTGG YUANCHENG EQUITY
INVESTMENT PARTNERSH,

               Plaintiff,                      Case No.: 2024-CA-010694-O

    -against-                           **Second Notice of Objection**
                                        **to Recording of**
LIJUN LU and MEI WANG,              **Foreign Money Judgment**

              Defendants.

-----------------------------------------------------------------------x

Defendants Mei Wang ("Wang") and Lijun Lu ("Lu"), by and through undersigned counsel, respectfully submit this Second Notice of Objection to Plaintiff's request for judicial recognition and recording of a foreign money judgment against Defendants pursuant to the Florida Uniform Out-of-Country Foreign Money-Judgment Recognition Act (Florida Statutes Sections 55.601–55.607), and state as follows:

Defendant Wang is a female domiciliary and citizen of Florida. Defendant Lu, husband of Wang, is and has been at all relevant times a domiciliary of the People's Republic of China. Lu has never lived in Florida and has never been a citizen of Florida.

On December 3, 2024, a plaintiff calling itself "Jiaxing TTGG Yuancheng Equity Investment Partnersh" (sic., hereinafter "Yuancheng") initiated a civil suit against Defendants in the County Court of the Ninth Judicial Circuit in and for Orange County, Florida, assigned to Judge Heather Pinder Rodriguez, requesting recognition by the Court of a foreign money judgment from the People's Republic of China pursuant to Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act ("the Act"), contained within Florida Statutes Sections 55.601 to 55.607.

On January 10, 2025, Defendants filed their objection to recording of the denominated foreign money judgment. Crucially, Defendants argued that Defendant Lu had not been served with plaintiff's notice of recording foreign judgment, because plaintiff sent Lu's notice to his wife Defendant Wang in Florida, even though Lu did not then reside in, and had never resided in, Florida. Rather, Lu was a domiciliary of China.

Apparently because of Defendants' first objection, on February 5, 2025, plaintiff restarted the process against Lu specifically, by filing a new notice of recording foreign judgment in the same action. This is the notice to which Defendants herein object. Wang's name is still in the caption on the notice, but the notice was clearly not directed against her, as plaintiff named only Lu on the notice, and as the court clerk mailed the notice only to Lu's Chinese address, not to Wang's Florida address.

Thus, the case against Wang today is virtually identical to the case against Wang as of January 11, 2025. Plaintiff's new activity was directed at Lu. Nonetheless, to be safe and prevent any waiver of her defense, Wang joins Lu in this objection to plaintiff's second notice of recording foreign judgment. To defend Wang from plaintiff's second notice, it is sufficient to note that Florida Statutes Section 55.604(1)(b) requires that the plaintiff's notice of recording foreign judgment be mailed to the judgment debtor, and as there is no indication on the docket that either the clerk or plaintiff made such a mailing to Wang, nor any indication within the second notice that plaintiff directed the clerk to mail it to Wang, it follows that the second notice cannot be effective as against Wang.

Turning then to Lu, the real subject of plaintiff's second notice: Yuancheng's request for judicial recognition should be denied because of failure by plaintiff to establish personal jurisdiction over at least Defendant Lu, failure by plaintiff to comply with all of the Act's

procedural requirements for recognition, and lack of required comity for the Chinese court's

order per the Act. Even though Lu has not actually been served yet with the second notice,

Defendants submit this objection within thirty days of plaintiff's attempt to serve Lu.

**I. Yuancheng Failed to Establish Personal Jurisdiction Over and Proper Notice to at Least Defendant Lu.**

Plaintiff has failed to comply with all procedural requirements under the Act, including

proper service and notice to Defendant Lu. Florida Statutes Section 55.604(1)(b) requires that the

notice of the recording of the foreign judgment be served in accordance with certain rules of

service, which have not been satisfied.

Defendant Mei Wang is a female domiciliary and citizen of Florida. Defendant Lijun Lu,

husband of Wang, lives in the People's Republic of China, has never lived in Florida, and is not a

citizen of Florida. Lijun Lu did not authorize Mei Wang to accept service on his behalf. As

explained above, Wang was neither sent nor was served with the second notice of recording

foreign judgment.

Plaintiff first tried to serve Lu with notice of recording foreign judgment at Mei Wang's

address in Florida, and as explained in Defendants' first objection to plaintiff's first notice of

recording foreign judgment, that service was ineffective because Lu resided in Shanghai and had

never resided in Florida.

Plaintiff thereafter filed a new notice of recording foreign judgment on February 5, 2025,

and directed that the court clerk mail it to Lijun Lu at Lu's Shanghai address. The court clerk

indicated on the docket that the mailing was made on February 5, 2025: "Comments: copy

mailed to party on 2/5/2025 (RF193936117US)." This code "RF193936117US" is a tracking

3

number for USPS registered mail. A simple search on USPS's website[1] reveals that the mail arrived in China on February 19, 2025, and that since, then, the "Latest Update" is that "Your item departed a transfer airport in CAPITAL, BEIJING, CHINA on February 19, 2025 at 12:44 pm. The item is currently in transit to the destination." It seems that the mail is still somewhere in Beijing. Unlike with plaintiff's first mailed notice, no certified mail receipt or any other picture of the envelope has been filed on the docket for the second mailed notice, and so it is impossible to see whether the court clerk addressed the mail in a way apt to confuse the Chinese postal system. In any event, Lijun Lu has still not received it in Shanghai a month after it was mailed.

It may additionally be noted, perhaps as the cause of the postal obstruction, that service through the post from America is not the ordinary way in which Chinese law allows for service of process. See, e.g., https://www.dgrlegal.com/international-process-service-china/ ("International service of process in China can be completed through the Hague Convention . . . . China has officially objected to Article 10 of the Hague Service Convention, so service through postal channels is not allowed."); https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (The U.S. State Department says of China: "Service of Process by Mail? No").

There has also not been recorded on the docket any other mailing to Lu of the second notice.

---

[1] https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=RF193936117US

Therefore, the plaintiff has failed to establish adequate notice to, and personal jurisdiction over, defendant Lu, in this case pending in Florida. Therefore, this Court should not recognize any judgment against him.

**II. Yuancheng Has Failed to Comply with All of the Act's Procedural Requirements as to Both Defendants.**

Florida Statutes Section 55.604(1) says that "The out-of-country foreign judgment shall be filed with the clerk of the court and recorded in the public records in the county or counties where enforcement is sought."

The first time around, plaintiff apparently failed to record the judgment in the public records, as required by that statutory provision. The court clerk's docket note of December 10, 2024, regarding service of the "Notice of Recording Foreign Judgment," said: "Comments: COPIES SENT TO ALL PARTIES VIA REGISTERED MAIL (RE385543167US AND RE385543175US) - NOT SENT TO RECORDING NO CHECK PROVIDED."

No other indication of recordation by a recording authority was noted in the docket.

Now the second time around, though the clerk has not written a message of "not sent to recording no check provided" on the docket description of plaintiff's second notice, it seems that plaintiff still to this day has failed to actually record the judgment in the public records, as in the undersigned's searching,[2] there is no filed judgment in the Orange County records pertaining to the names Lijun Lu or Mei Wang. As evidenced the first time around, plaintiff's mere filing of a notice of recording judgment on the docket does not mean that recording has been accomplished.

---

[2] https://selfservice.or.occompt.com/ssweb/search/DOCSEARCH2950S1
This is even though other judgments were found for different persons in this database.

5

Plaintiff's second notice of recording foreign judgment also fails to comply with the procedure required by Florida Statutes Section 55.604(1)(a): "At the time of the recording of an out-of-country foreign judgment, the judgment creditor shall make and record with the clerk of the circuit court an affidavit setting forth the name, social security number, if known, and last known post-office address of the judgment debtor and of the judgment creditor."

Far from being simultaneous, if plaintiff actually did not record its judgment, then its December affidavit is becoming increasingly distant in time from the date of recording. Furthermore, the December affidavit, which specified Mei Wang's Florida address as a last-known address of Lu, has never been corrected by an updated affidavit now that plaintiff knows that Lu lives in China, not Florida.

Incidentally, through someone's oversight, though plaintiff's first notice of recording foreign judgment was in the name of "creditor's attorney" "Sean M. Reilly" of Hughes Hubbard & Reed LLP in the District of Columbia, plaintiff's second notice of recording foreign judgment was in the name of "creditor's attorney" "Kirsten Golan" of Miami. There is no attorney in Florida registered with the name Kirsten Golan.[3] Apparently, Kirsten Golan is a paralegal at Hughes Hubbard & Reed LLP, not the "creditor's attorney."[4]

Separately, Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act may only be used to domesticate a "judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine, or other penalty" (the Act, Section

---

[3] https://www.floridabar.org/directories/find-mbr/?lName=Golan&fName=Kirsten&sdx=N&eligible=N&deceased=N&pageNumber=1&pageSize=10

[4] https://www.linkedin.com/in/kirsten-golan-59430928/

6

55.602(2)). A judgment by the Chinese court at issue in this case would be a judgment by such a foreign state. But what the Chinese court provided was not such a judgment. On December 14, 2023, there had been a mediation hosted at Hangzhou City Xihu District Caihong Mediation Service Center, which was a privately owned mediation center, between Yuancheng on one side, and on the other side a company called Xuzhou Huamei Qiyue Enterprise Management Consulting Co., Ltd. ("Enterprise"), and ostensibly, on paper, but not actually, with participation of Lijun Lu and Mei Wang. (See the Certified Copy of Foreign Judgment, Filing # 212103023, filed on December 3, 2024, PDF page 6.) Defendants Lu and Wang did not participate in the mediation. This mediation produced a so-called mediation agreement that was supposed to be between Yuancheng, Enterprise, Lu, and Wang, but lacked Lu's and Wang's participation. All that the Chinese court did afterwards, in the papers submitted by Yuancheng to this Court in Florida, was to judicially confirm the mediation agreement. This was not a "judgment of a foreign state granting or denying recovery of a sum of money" per se.

Moreover, the Chinese court's judicial confirmation was made a year ago, and Plaintiff has not shown a court order by a Chinese court saying that Defendants are liable for breaching the mediation agreement since then.

### III. Identically Repeated From First Objection: The Chinese Court's Judicial Confirmation is Not Entitled to Comity under the Act, Because Statutory Grounds for Non-Recognition Are Present.

If the Chinese court's judicial confirmation of the mediation agreement was a qualifying judgment covered by the Act, then there are still statutory grounds within the Act for non-recognition of the judgment.

The Act, Section 55.605(1)(a) and (b), says that "(1) An out-of-country foreign judgment is not conclusive if: (a) The judgment was rendered under a system which does not provide

7

impartial tribunals or procedures compatible with the requirements of due process of law. (b) The foreign court did not have personal jurisdiction over the defendant."

The Act, Section 55.605(2)(a), (f), and (j), says that "(2) An out-of-country foreign judgment need not be recognized if: (a) The defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him or her to defend. . . . (f) In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action. . . . (j) The specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law."

The foregoing statutory grounds for non-recognition are present in this case. Mei Wang was not materially a participant in her husband Lu's business in China involving the company Enterprise. She was a citizen of Florida during the mediation proceedings. She was not a participant in the mediation that produced the Chinese mediation agreement. She never read the mediation agreement before it was judicially confirmed, nor did she sign the mediation agreement. She was not served with process summoning her appearance for the proceedings of judicial confirmation of the mediation agreement. She did not appear in the proceedings. She was not in China when the judicial-confirmation proceedings were ongoing. The Chinese court acted with apparent obliviousness to this fact, for its civil ruling judicially confirming the mediation agreement reported her address as a Shanghai address only. (See the Certified Copy of Foreign Judgment, Filing # 212103023, filed on December 3, 2024, PDF page 6). The first time that she found out about the terms of the Chinese judicial confirmation of the mediation agreement, under which agreement she would be liable to pay money to Yuancheng, was when she was served in Florida on December 12, 2024, with notice of Yuancheng's recording of a foreign judgment.

Here, Defendant Wang is a U.S. citizen with residence in Florida, and the Chinese court did not have personal jurisdiction over her.

The mediation apparently was conducted in the absence of both Lu and Wang, notwithstanding that according to the mediator, as told by and as believed by the Chinese court, Lu and Wang were both participants. (*Id.*, p. 6). The Chinese court also describes both Lu and Wang as petitioners for judicial confirmation (*id.*, pp. 5–6), along with "petitioner" Yuancheng and "petitioner" Enterprise, which likewise is inaccurate; had Lu and Wang been involved, they would have been respondents. It seems that the mediation process was conducted without integrity and perhaps through fraud (see Act, Section 55.605(2)(b) and (i)), because lacking the actual presence of parties who were supposed to be there; and it seems that the Chinese court conducted its judicial confirmation without due process, given that the Chinese court assumed Wang's and Lu's active involvement and confirmed the mediation agreement without notice to them.

Under these circumstances, the Chinese court lacked personal jurisdiction over at least Mei Wang (see the Act, Section 55.605(1)(b)), Wang did not receive notice early enough to defend herself were she inclined to defend herself (Act, Section 55.605(2)(a)), defending herself in China would have been seriously inconvenient to her as a Florida resident (Act, Section 55.605(2)(f)), and the Chinese court entered a judicial confirmation of a mediation agreement binding Wang to pay money without due process because it was issued without Wang's involvement and without Wang's purposeful default (Act, Section 55.605(2)(j)).

None of the statutory exceptions to grounds for non-recognition in Florida Statutes Section 55.606 is applicable here to sanitize the Chinese court's order as to Wang. In particular, Wang was not personally served in China, did not personally appear in the Chinese litigation,

was not a participant in Enterprise's mediation negotiations with Yuancheng, and did not otherwise consent to the Chinese court's jurisdiction over herself or over the subject matter of the mediation agreement.

The statutory grounds for non-recognition in Section 55.605(1) make non-recognition "mandatory," and the statutory grounds for non-recognition in Section 55.605(2) make non-recognition "discretionary." *Sanchez Osorio v. Dole Food Co.*, 665 F. Supp. 2d 1307, 1323 (S.D. Fla. 2009). Because the lack of personal jurisdiction by the Chinese court over Mei Wang is one of the mandatory circumstances, per Section 55.605(1)(b), in which a foreign judgment is not entitled to recognition, this Court should undoubtedly deny recognition in Florida to the Chinese court's judicial confirmation of the mediation agreement, as against Mei Wang.

## IV. Conclusion

Because personal jurisdiction over Lu is lacking in Florida, and because personal jurisdiction over Wang if not also Lu was lacking in China when the Chinese court judicially confirmed the mediation agreement, and because of other procedural inadequacies described above, this Court should deny recognition in Florida to the Chinese court's judicial confirmation of the mediation agreement, as against both Lijun Lu and Mei Wang.

WHEREFORE, Defendants Lijun Lu and Mei Wang respectfully request that this Court deny Plaintiff's request for recognition and recording of the foreign money judgment and provide such other relief as this Court deems just and proper.

Dated: New York, New York
　　　　March 7, 2025

Respectfully submitted,

MAZZOLA LINDSTROM, LLP

Jean-Claude Mazzola
Florida Bar #73466
*Counsel for Defendants Lu and Wang*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
646-250-6666
jeanclaude@mazzolalindstrom.com

11

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 7th day of March, 2025, the foregoing document was electronically filed in the above-entitled case using the Florida Courts eFiling Portal, and furnished to: Sean Michael Reilly, Esq., Hughes Hubbard & Reed LLP, 1775 I Street N.W., Washington, D.C. 20006, sean.reilly@hugheshubbard.com.

MAZZOLA LINDSTROM, LLP

Jean-Claude Mazzola
Florida Bar #73466
*Counsel for Defendants Lu and Wang*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
646-250-6666
jeanclaude@mazzolalindstrom.com

12

**Exhibit 2**



*First American Title*™

DOC # 20230670563
11/20/2023 13:48 PM  Page 1 of  8
Rec Fee: $69.50
Deed Doc Tax: $3,448.90
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Phil Diamond, Comptroller
Orange County, FL
Ret To: ERECORDING PARTNERS NETWORK

Prepared by and Return to:
April Samaniego, an employee of
First American Title Insurance Company
13848 Tilden Road, Suite 248
Winter Garden, Florida 34787
(407)614-6266

File No.: 110140756
Consideration: $492,606.00

Tax Parcel Identification Number: **33-23-31-2003-06920**

# SPECIAL WARRANTY DEED

**THIS SPECIAL WARRANTY DEED** is made this November 16, 2023, by **Beachline South Residential, LLC, a Florida limited liability company** (the "Grantor") with a mailing address of 1900 Summit Tower Boulevard Suite 500, Orlando, FL 32810, to **Mei Wang, a married woman** (collectively the "Grantee") with a mailing address of:  11732 Sunsail Avenue, Orlando, FL 32832.

**WITNESSETH:** That the Grantor for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the Grantee, all that certain property situated **Orange** County,  **Florida**, viz:

Lot 692 of STARWOOD PHASE N-1C, according to the Plat thereof as recorded in Plat Book 108, Page(s) 25 through 30, of the Public Records of Orange County, Florida.

**TOGETHER** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD,** the same in fee simple forever.

**FURTHER,** the Grantor hereby covenants with said Grantee that Grantor is lawfully seized of real property in fee simple; that the Grantor has good right and lawful authority to sell and convey said real property; that the Grantor hereby warrants the title to said real property for any acts of Grantor and will defend the same against the lawful claims of all persons claiming by, through or under Grantor and that said real property is free from all encumbrances except, and is subject to the Permitted Exceptions set forth on Exhibit "A", attached hereto and incorporated herein by this reference, which reference hereto shall not reimpose same.

**IN WITNESS WHEREOF,** the said Grantor has executed this Special Warranty Deed on the day and year first written above.

**Beachline South Residential, LLC, a Florida limited liability company**

By:_____

   **Name: Rodolfo Gabriel Madlang**
   **Title: Vice President**

*Signed, sealed and delivered in the presence of these witnesses:*

_____          _____
**Witness Signature**                      **Witness Signature**

**Print Name:** Jennifer Moreau            **Print Name:** Shannon Burns

State of _____Florida_____

County of _____Orange_____

**The Foregoing Instrument Was Acknowledged** before me by means of ☒ physical presence or ☐ online notarization, on ____11/7/2023____, by **Rodolfo Gabriel Madlang, as Vice President, on behalf of Beachline South Residential, LLC, a Florida limited liability company**, existing under the laws of the State of **Florida.**

_____
           Notary Public

_____
        (Printed Name)

My Commission expires: ___4/26/2024___

Personally Known ☒ OR Produced Identification ☐
Type of Identification Produced a valid driver's license

Notary Public State of Florida
Jennifer L Ehrecke
My Commission GG 965275
Expires 04/26/2024

*{Notarial Seal}*

EXHIBIT "A"
Permitted Exceptions

1. Taxes and assessments accruing subsequent to December 31, 2023, and all subsequent years, and all conditions, restrictions, reservations, limitations, easements of record; if any, zoning and other governmental regulations and other matters of record if any, provided, however, this reference shall not serve to impose same.

2. The requirements of Chapter 558 of the Florida Statutes (2019) as it may be renumbered and/or amended from time to time.

3. The requirements of Mattamy Homes Limited Warranty in effect on the date of this conveyance.

4. Grantor and Grantee specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity. "Disputes" (whether contract, warranty, tort, statutory or otherwise) shall include, but are not limited to, any and all controversies, disputes or claims (1) arising under, or related to, this Deed, the underlying purchase agreement for the sale and conveyance of the Property, the Property, the community in which the Property is located, or any dealings between Grantee and Grantor; (2) arising by virtue of any representations, promises or warranties alleged to have been made by Grantor or Grantor's representative; (3) relating to personal injury or property damage alleged to have been sustained by Grantee, Grantee's children or other occupants of the Property, or in the community in which the Property is located; or (4) issues of formation, validity or enforceability of this Section. Grantee has accepted this Deed on behalf of his or her children and other occupants of the Property with the intent that all such parties be bound hereby. Any Dispute shall be submitted for binding arbitration within a reasonable time after such Dispute has arisen. Nothing herein shall extend the time period by which a claim or cause of action may be asserted under the applicable statute of limitations or statute of repose, and in no event shall the Dispute be submitted for arbitration after the date when institution of a legal or equitable proceeding based on the underlying claims in such Dispute would be barred by the applicable statute of limitations or statute of repose.

a. Any and all mediations commenced by Grantor or Grantee shall be filed with and administered by the American Arbitration Association or any successor thereto ("AAA") in accordance with the AAA's Home Construction Mediation Procedures in effect on the date of the request. If there are no Home Construction Mediation Procedures currently in effect, then the AAA's Construction Industry Mediation Rules in effect on the date of such request shall be utilized. Any party who will be relying upon an expert report or repair estimate at the mediation shall provide the mediator and the other parties with a copy of the reports. If one or more issues directly or indirectly relate to alleged deficiencies in design, materials or construction, all parties and their experts shall be allowed to inspect, document (by photograph, videotape or otherwise) and test the alleged deficiencies prior to mediation. Unless mutually waived in writing by the Grantor and Grantee, submission to mediation is a condition precedent to either party taking further action with regard to any matter covered hereunder.

b. If the Dispute is not fully resolved by mediation, the Dispute shall be submitted to binding arbitration and administered by the AAA in accordance with the AAA's Home Construction Arbitration Rules in effect on the date of the request. If there are no Home Construction Arbitration Rules currently in effect, then the AAA's Construction Industry Arbitration Rules in effect on the date of such request shall be utilized. Any judgment upon the award rendered by the arbitrator may be entered in and enforced by any court having jurisdiction over such Dispute. If the claimed amount exceeds $250,000.00 or includes a demand for punitive damages, the Dispute shall be heard and determined by three arbitrators; however, if mutually agreed to by the parties, then the Dispute shall be heard and determined by one arbitrator. Arbitrators shall have expertise in the area(s) of Dispute, which may

include legal expertise if legal issues are involved. All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s). At the request of any party, the award of the arbitrator(s) shall be accompanied by detailed written findings of fact and conclusions of law. Except as may be required by law or for confirmation of an award, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both Grantor and Grantee.

c. The waiver or invalidity of any portion of this Section shall not affect the validity or enforceability of the remaining portions of this Section of the Deed. Grantee and Grantor further agree (1) that any Dispute involving Grantor's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law or equity; (2) that Grantor may, at its sole election, include Grantor's contractors, subcontractors and suppliers, as well as any warranty company and insurer as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the parties specified herein.

d. To the fullest extent permitted by applicable law, Grantor and Grantee agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any other arbitration, judicial, or similar proceeding shall be given preclusive or collateral estoppel effect in any arbitration hereunder unless there is mutuality of parties. In addition, Grantor and Grantee further agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any arbitration hereunder shall be given preclusive or collateral estoppel effect in any other arbitration, judicial, or similar proceeding unless there is mutuality of parties.

e. Unless otherwise provided by law, each party shall bear its own costs and expenses, including attorneys' fees and paraprofessional fees, for any mediation and arbitration.  Notwithstanding the foregoing, if a party unsuccessfully contests the validity or scope of arbitration in a court of law or equity, the non-contesting party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in defending such contest, including such fees and costs association with any appellate proceedings. In addition, if a party fails to abide by the terms of a mediation settlement or arbitration award, the other party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in enforcing such settlement or award.

f. Grantee may obtain additional information concerning the rules of the AAA by visiting its website at www.adr.org or by writing the AAA at 335 Madison Avenue, New York, New York 10017.

g. Grantor supports the principles set forth in the Consumer Due Process Protocol developed by the National Consumer Dispute Advisory Committee and agrees to the following:

h. Notwithstanding the requirements of arbitration stated in this Deed, Grantee shall have the option, after pursuing mediation as provided herein, to seek relief in a small claims court for disputes or claims within the scope of the court's jurisdiction in lieu of proceeding to arbitration. This option does not apply to any appeal from a decision by a small claims court.

i. The fees for any claim pursued via arbitration shall be apportioned as provided in the Home Construction Rules of the AAA or other applicable rules.

j. Notwithstanding the foregoing, if either Grantor or Grantee seeks injunctive relief, and not monetary damages, from a court because irreparable damage or harm would otherwise be suffered by either party before mediation or arbitration could be conducted, such actions shall not be interpreted to indicate that either party has waived the right to mediate or arbitrate. The right to mediate and arbitrate should also not be considered waived by the filing of a counterclaim by either party once a claim for injunctive relief had been filed with a court.

5. GRANTOR AND GRANTEE AGREE THAT THE PARTIES MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR COLLECTIVE PROCEEDING. THE ARBITRATOR(S) MAY NOT CONSOLIDATE OR JOIN CLAIMS REGARDING MORE THAN ONE PROPERTY AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, OR CLASS PROCEEDING. ALSO, THE ARBITRATOR(S) MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S). ANY RELIEF AWARDED CANNOT BE AWARDED ON CLASS-WIDE OR MASS-PARTY BASIS OR OTHERWISE AFFECT PARTIES WHO ARE NOT A PARTY TO THE ARBITRATION. NOTHING IN THE FOREGOING PREVENTS GRANTOR FROM EXERCISING ITS RIGHT TO INCLUDE IN THE MEDIATION AND ARBITRATION THOSE PERSONS OR ENTITIES REFERRED TO ABOVE.

6. Notwithstanding the Grantor and Grantee's obligation to submit any Dispute to mediation and arbitration, in the event that a particular dispute is not subject to the mediation or the arbitration provisions set forth in this Deed, then the Grantor and Grantee agree to the following provisions: GRANTEE ACKNOWLEDGES THAT JUSTICE WILL BEST BE SERVED IF ISSUES REGARDING THIS DEED ARE HEARD BY A JUDGE IN A COURT PROCEEDING, AND NOT A JURY. GRANTEE AND GRANTOR AGREE THAT ANY DISPUTE, CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION SHALL BE HEARD BY A JUDGE IN A COURT PROCEEDING AND NOT A JURY. GRANTEE AND GRANTOR HEREBY WAIVE THEIR RESPECTIVE RIGHT TO A JURY TRIAL.

7. Notwithstanding the provisions contained within this Deed, in the event that Grantee believes that the Property or any portion of any improvement on the Property is defective in any respect, Grantee shall give written notice to Grantor detailing, the location and alleged actual cost of repairing the alleged failure or defect. Grantee agrees that once Grantee has given written notice to Grantor pursuant to this Section, Grantee shall be obligated to permit Grantor and its agents to perform inspections and tests and to make all repairs/replacements deemed necessary by Grantor to respond to such notice at all reasonable times. Grantee agrees that any inspection, test and/or repair/replacement scheduled on a business day between 9 a.m. and 5 p.m. shall be deemed scheduled at a reasonable time. The rights reserved in this Section include the right of Grantor to repair or address, in Grantor's sole option and expense, any aspect of the Property determined by Grantor during its inspections of the same. Grantee's failure to give the notice and/or otherwise comply with the provisions of this Section will damage Grantor. At this time, it is impossible to determine the actual damages Grantor might suffer. Accordingly, if Grantee fails to comply with its obligations under this Section in any respect, Grantee shall pay to Grantor liquidated damages in the amount of $10,000 per alleged defect which Grantee and Grantor agree are a fair and reasonable remedy.

8. All covenants, conditions and restrictions contained in this Deed are equitable perpetual servitudes.

9. All provisions of the COVENANTS, CONDITIONS AND RESTRICTIONS, recorded in the Public Records, as amended, modified, and supplemented from time to time, which may include, without limitation, restrictions, covenants, conditions, easements, lien rights, obligations to pay assessments and architectural restrictions, which are all incorporated by reference in their entirety into this Deed.

Grantee, by acceptance of this Deed, automatically agrees for itself, and its heirs, personal representatives, successors and assigns, to observe and to be bound by all of the terms and conditions set forth in this Deed and in the documents identified above, all exhibits attached thereto, and all future amendments thereof including, without limitation, the provisions of the Master Declaration and the Neighborhood Declaration, if any, applicable to the Property.

ADDENDUM TO DEED

This is an Addendum to, and forms part of, the Deed (the "Addendum") and is consistent with the terms set forth in the Home Purchase Agreement executed between Grantor and Grantee.

1. **Dispute Resolution.** Grantor and Grantee specifically agree that this transaction involves interstate commerce and that any Dispute shall be submitted in the manner as provided in this Addendum. "Disputes" (whether contract, warranty, tort, statutory or otherwise), shall include, but are not limited to, any and all controversies, disputes or claims (1) arising under, or related to, this Contract, the Property, the Community, the design or construction of the Home, the improvement, development or maintenance of the Lot or Community or any dealings between Grantee and Grantor; (2) arising by virtue of any representations, promises or warranties alleged to have been made by Grantor or Grantor's representative; (3) relating to personal injury or property damage alleged to have been sustained by Grantee, Grantee's children or other occupants of the Property, or in the Community; or (4) issues of formation, validity or enforceability of this Addendum. Grantee has acquired the Property on behalf of his or her children and other occupants of the Property with the intent that all such parties be bound hereby. Nothing herein shall extend the time period by which a claim or cause of action may be asserted under the applicable statute of limitations or statute of repose, and in no event shall the Dispute be submitted for arbitration after the date when institution of a legal or equitable proceeding based on the underlying claims in such Dispute would be barred by the applicable statute of limitations or statute of repose. If a court determines that the procedures or limitations in Addendum are not applicable to all parties in a dispute or to all disputed matters, then the procedures and limitations which are not invalidated shall still apply to all parties except any party explicitly found not to be subject to the provisions of this Addendum. Grantee agrees that any individual claims Grantee may wish to assert against Grantor or qualifying agent must also be brought under these dispute resolution procedures. Any persons or parties related or associated in any way to Grantor may also require Grantee to follow these dispute resolution procedures whether or not they have signed the Contract and regardless of whether Grantee brings action against Grantor.

2. **Dispute Resolution For Disputes Arising After Closing: Chapter 558 and Mandatory Mediation and Arbitration..** Section 14.b. of the contract between Grantor and Grantee shall be the exclusive and mandatory means for resolving any Dispute brought after Closing, or any other disputes by and between the Grantee and Grantor or any entity affiliated with Grantor. Such Disputes shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity. Any Dispute shall be submitted for binding arbitration within a reasonable time after such Dispute has arisen.

3. **§558.005, Florida Statutes - Notice of Alternative Method to Resolve Construction Disputes.**

   **CHAPTER 558 - NOTICE OF CLAIM**

   **ANY CLAIMS FOR CONSTRUCTION DEFECTS ARE SUBJECT TO THE NOTICE AND CURE PROVISIONS OF CHAPTER 558, FLORIDA STATUTES**

   To the extent all or any portion of a Dispute between Grantee and Grantor is covered by Chapter 558, Florida Statutes, Grantee and Grantor agree that as a condition precedent to commencement of any mediation or arbitration in accordance with this Addendum, Grantee and Grantor will try to resolve any Dispute(s) or any portion thereof using the procedures specified in Chapter 558 Florida Statutes.

4. **Mediation.** Any and all mediations commenced by Grantor or Grantee shall be filed with and administered by the American Arbitration Association or any successor thereto ("AAA") in accordance with the AAA's Home Construction Mediation Procedures in effect on the date of the

request. If there are no Home Construction Mediation Procedures currently in effect, then the AAA's Construction Industry Mediation Rules in effect on the date of such request shall be utilized. Any party who will be relying upon an expert report or repair estimate at the mediation shall provide the mediator and the other parties with a copy of the reports. If one or more issues directly or indirectly relate to alleged deficiencies in design, materials or construction, all parties and their experts shall be allowed to inspect, document (by photograph, videotape or otherwise) and test the alleged deficiencies prior to mediation. Unless mutually waived in writing by the parties, submission to mediation is a condition precedent to either party taking further action with regard to any matter covered hereunder.

5. **Binding Arbitration.** If the Dispute is not fully resolved by mediation, the Dispute shall be submitted to binding arbitration and administered by the AAA in accordance with the AAA's Home Construction Arbitration Rules in effect on the date of the request. If there are no Home Construction Arbitration Rules currently in effect, then the AAA's Construction Industry Arbitration Rules in effect on the date of such request shall be utilized. Any judgment upon the award rendered by the arbitrator may be entered in and enforced by any court having jurisdiction over such Dispute. If the claimed amount exceeds $250,000.00 or includes a demand for punitive damages, the Dispute shall be heard and determined by three arbitrators; however, if mutually agreed to by the parties, then the Dispute shall be heard and determined by one arbitrator. Arbitrators shall have expertise in the area(s) of Dispute, which may include legal expertise if legal issues are involved. All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s). At the request of any party, the award of the arbitrator(s) shall be accompanied by detailed written findings of fact and conclusions of law. Except as may be required by law or for confirmation of an award, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties. Notwithstanding anything in the AAA Home Construction Arbitration Rules or the AAA Construction Industry Arbitration Rules, unless otherwise available at law, each party shall be responsible for their own attorneys' fees and costs during any arbitration proceeding regardless of which party prevails.

    i. The waiver or invalidity of any portion of this Addendum shall not affect the validity or enforceability of the remaining portions of this Addendum. Grantee and Grantor further agree (1) that any Dispute involving Grantor's affiliates, directors, officers, employees and agents shall also be subject to mediation and arbitration as set forth herein, and shall not be pursued in a court of law or equity; (2) that Grantor may, at its sole election, include Grantor's contractors, subcontractors and suppliers, as well as any warranty company and insurer as parties in the mediation and arbitration; and (3) that the mediation and arbitration will be limited to the parties specified herein.

6. **Estoppel.** To the fullest extent permitted by applicable law, Grantee and Grantor agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any other arbitration, judicial, or similar proceeding shall be given preclusive or collateral estoppel effect in any arbitration hereunder unless there is mutuality of parties. In addition, Grantee and Grantor further agree that no finding or stipulation of fact, no conclusion of law, and no arbitration award in any arbitration hereunder shall be given preclusive or collateral estoppel effect in any other arbitration, judicial, or similar proceeding unless there is mutuality of parties.

7. **Scope.** Grantor and Grantee intend that the scope of this Addendum shall be broadly interpreted. The provisions of this Addendum apply not only to Grantee and Grantor, but also to anyone connected in any way to Grantee and Grantor. For example, these provisions apply to Grantor's affiliated companies or entities, contractors, sub-contractors, sub-sub-contractors, material suppliers, employees, officers, agents, and representatives; to all real estate brokers and agents, to Grantee's family, Grantee's heirs, successors and assigns; and to anyone who has any claim arising by or through Grantee.

8. **Fees and Costs.** Unless otherwise recoverable by law or statute, each party shall bear its own costs and expenses, including attorneys' fees and paraprofessional fees, for any action,

proceeding, mediation and arbitration. Notwithstanding the foregoing, if a party unsuccessfully contests the validity or scope of arbitration in a court of law or equity, the noncontesting party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in defending such contest, including such fees and costs associated with any appellate proceedings. In addition, if a party fails to abide by the terms of a mediation settlement or arbitration award, the other party shall be awarded reasonable attorneys' fees, paraprofessional fees and expenses incurred in enforcing such settlement or award.

a. Grantee may obtain additional information concerning the rules of the AAA by visiting its website at www.adr.org or by writing the AAA at 335 Madison Avenue, New York, New York 10017.

b. Grantor supports the principles set forth in the Consumer Due Process Protocol developed by the National Consumer Dispute Advisory Committee and agrees to the following:

   a. Notwithstanding the requirements of arbitration set forth in this Addendum, Grantee shall have the option, after pursuing mediation as provided herein, to seek relief in a small claims court for disputes or claims within the scope of the court's jurisdiction in lieu of proceeding to arbitration. This option does not apply to any appeal from a decision by a small claims court.

   b. Any mediator and associated administrative fees incurred shall be shared equally by Grantor and Grantee; however, Grantor and Grantee each agree to pay for their own attorneys' fees and costs.

c. Notwithstanding the foregoing, if either Grantor or Grantee seeks injunctive relief, and not monetary damages, from a court because irreparable damage or harm would otherwise be suffered by either party before mediation or arbitration could be conducted, such actions shall not be interpreted to indicate that either party has waived the right to mediate or arbitrate. The right to mediate and arbitrate should also not be considered waived by the filing of a counterclaim by either party once a claim for injunctive relief had been filed with a court.

d. GRANTEE AND GRANTOR AGREE THAT THE PARTIES MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR COLLECTIVE PROCEEDING. THE ARBITRATOR(S) MAY NOT CONSOLIDATE OR JOIN CLAIMS REGARDING MORE THAN ONE PROPERTY AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A CONSOLIDATED, REPRESENTATIVE, OR CLASS PROCEEDING. ALSO, THE ARBITRATOR(S) MAY AWARD RELIEF (INCLUDING MONETARY, INJUNCTIVE, AND DECLARATORY RELIEF) ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF NECESSITATED BY THAT PARTY'S INDIVIDUAL CLAIM(S). ANY RELIEF AWARDED CANNOT BE AWARDED ON CLASS-WIDE OR MASS-PARTY BASIS OR OTHERWISE AFFECT PARTIES WHO ARE NOT A PARTY TO THE ARBITRATION. NOTHING IN THE FOREGOING PREVENTS GRANTOR FROM EXERCISING ITS RIGHT TO INCLUDE IN THE MEDIATION AND ARBITRATION THOSE PERSONS OR ENTITIES REFERRED TO IN THIS ADDENDUM.

# Exhibit 3



**1 OF 1 RECORD(S)**

# SmartLinx®Person Report

**Report Created:** 3-30-2026 4:56 PM EST | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2026 LexisNexis, All rights reserved.

**Report created for:**Fisher Broyles, LLP

## Person Summary

| Name | Address | County | Phone |
|------|---------|--------|-------|
| Wang, Mei W | 11732 Sunsail Ave<br>Orlando, FL 32832-3009<br>(Residential) | Orange | ███████ |
| **LexID** | **SSN** | **DOB** | **Email** |
| 0016-9823-5314 | ██████ | ██/1968<br>(Age: 57)<br><br>(Female) | meiwang525@gmail.com<br>whw7646@gmail.com<br>xzunknown@gmail.com |

## At a Glance

| Real Property | 2 | Criminal/Arrest | 0 |
|---------------|---|-----------------|---|
| Personal Property | 0 | Bankruptcy | 0 |
| Professional Licenses | 0 | Judgments/Liens | 0 |
| Business Connections | 0 | Foreclosure/Notice of Default | 0 |

## Name Variations, SSN Summary and DOBs

| Name Variations | SSN Summary | Reported DOBs |
|-----------------|-------------|---------------|
| Lu, Mei Wang<br>Mei, Wang<br>Met, Wang<br>Wang, Mei<br>Wang, Mei W<br>Wang, Met | ██████<br>Issued in Maryland, 1997 | ██1968 |

## Physical Description

| Hair Color | N/A | |
|------------|-----|--|
| Eye Color | N/A | |
| Height | 5' 5" | Date last seen: 12/2023 |
| Weight (lb) | N/A | |
| Scars/Marks | N/A | |

## Address Summary (1 current, 13 prior)

| No. | Address | Status | To-From | Phone |
|-----|---------|--------|---------|-------|

Mei_Wang

| 1. | 11732 Sunsail Ave<br>Orlando, FL 32832-3009<br>Orange County<br><br>(Residential) | Current | 09/2023 - 02/2026<br>(Current Residence) | |
|---|---|---|---|---|

**Possible Household Members**

████████████

**Name Associated with Address**

Lu, Lijun

**Neighborhood Profile**

Average Age: 36

Median Household Income: ████████

Median Home Value: ████████

Average Years of Education: 12

| 2. | 12505 Sycamore View Dr<br>Potomac, MD 20854-1181<br>Montgomery County<br><br>(Residential) | Prior | 08/2013 - 05/2024 | |
|---|---|---|---|---|

**Possible Household Members**

████████████
████████████
████████████
████████████

**Name Associated with Address**

Lu, Lijun

**Neighborhood Profile**

Average Age: 49

Median Household Income: ████████

Median Home Value: ████████

Average Years of Education: 17

| 3. | 1616 E 56th St Unit 606<br>Chicago, IL 60637-2706<br>Cook County<br><br>(Residential, High-rise) | Prior | 12/2022 - 11/2023 | |
|---|---|---|---|---|

**Possible Household Members**

████████████

**Name Associated with Address**

Lu, Lijun

**Neighborhood Profile**

Average Age: 35

Median Household Income: ████████

Median Home Value: $████████

████████████████

| 4. | 13507 Stonebridge Ter<br>Germantown, MD 20874-3469<br>Montgomery County<br><br>(Residential) | Prior | 01/1999 - 05/2011 | |
|---|---|---|---|---|

**Name Associated with Address**

Lu, Lijun

**Neighborhood Profile**

Average Age: 40

Median Household ████████████

████████████████

████████████████

**Exhibit 4**



# SmartLinx®Person Report

**Report Created:** 4-15-2026 3:00 PM EST | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2026 LexisNexis, All rights reserved.

**Report created for:**Fisher Broyles, LLP

## Person Summary

| Name | Address | County | Phone |
|---|---|---|---|
| Wang, Lijun | 11732 Sunsail Ave<br>Orlando, FL 32832-3009<br>(Residential) | Orange | ███████ |
| **LexID** | **SSN** | **DOB** | **Email** |
| 0015-1883-5016 | ██████ | █/1968<br>(Age: 58)<br><br>(Female) | |

## At a Glance

| Real Property | 0 | Criminal/Arrest | 2 |
|---|---|---|---|
| Personal Property | 0 | Bankruptcy | 0 |
| Professional Licenses | 0 | Judgments/Liens | 0 |
| Business Connections | 0 | Foreclosure/Notice of Default | 0 |

## Name Variations, SSN Summary and DOBs

| Name Variations | SSN Summary | Reported DOBs |
|---|---|---|
| Lijun, Lu<br>Lo, Lijun<br>Lu, Lijun<br>Mei, Wang<br>Wang, Lijun<br>Wang, Mei | ██████<br>Issued in Virginia, 1995 - 1996 | █1968 |

## Physical Description

| Hair Color | N/A | |
|---|---|---|
| Eye Color | N/A | |
| Height | 5' 6" | |
| Weight (lb) | 150 | Date last seen: 09/23/2000 |
| Scars/Marks | N/A | |

## Address Summary (1 current, 11 prior)

| No. | Address | Status | To-From | Phone |
|---|---|---|---|---|

Lijun_Lu

| 1. | 11732 Sunsail Ave<br>Orlando, FL 32832-3009<br>Orange County<br><br>(Residential) | Current | 10/2024 - 04/2025<br>(Current Residence) | |
|---|---|---|---|---|

**Possible Household Members**

██████████

Wang, Mei W

**Name Associated with Address**

Wang, Mei W

**Neighborhood Profile**

Average Age: 36

Median Household Income: ██████████

Median Home Value: ████████

Average Years of Education: 12

| 2. | 13507 Stonebridge Ter<br>Germantown, MD 20874-3469<br>Montgomery County<br><br>(Residential) | Prior | 01/1999 - 09/2024 | |
|---|---|---|---|---|

**Neighborhood Profile**

Average Age: 40

Median Household Income: ██████████

Median Home Value: ████████

Average Years of Education: 15

| 3. | 12505 Sycamore View Dr<br>Potomac, MD 20854-1181<br>Montgomery County<br><br>(Residential) | Prior | 12/2013 - 07/2021 | |
|---|---|---|---|---|

**Possible Household Members**

██████████

██████████

Wang, Mei W

███████████

██████████

**Name Associated with Address**

Wang, Mei W

██████████

██████████

**Neighborhood Profile**

Average Age: 49

Median Household Income: ██████████

██████████

Average Years of Education: 17

| 4. | 11624 Bootjack Ct<br>North Potomac, MD 20878-3863<br>Montgomery County<br><br>(Residential) | Prior | 03/1999 - 2015 | |
|---|---|---|---|---|

**Possible Household Members**

██████████

Wang, Mei W

██████████

**Name Associated with Address**

Wang, Mei W

██████████

██████████