**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STANDING ORDER REQUIRING DISCLOSURE**
**OF THIRD-PARTY LITIGATION FUNDING**

This Order mandates the disclosure of third-party litigation funding by the deadlines established below.  Failure to timely comply with this Order may be a basis on which either pending or future requests for relief are denied without prejudice.  To this end, every party must file either a (1) Verified Disclosure of Third-Party Litigation Funding or (2) a Certification of No Third-Party Litigation Funding.  There is no specific court-approved form for these filings, but this Order specifies what these filings must contain.

I.    **Contents of Verified Disclosure of Third-Party Litigation Funding.**  A Verified Disclosure of Third-Party Litigation Funding must:

(A)  Be verified by counsel or, if the party is unrepresented, by the unrepresented party;

(B)  Disclose the existence of any person or entity that is not a party (a "**Third-Party Funder**") who has funded or arranged to fund some or all of a party's attorney fees and/or expenses related to this action.

1.  Arrangements subject to this disclosure include but are not limited to grants and direct payment of legal fees or expenses.  Whether the grant or direct payment of legal fees or expenses is paid to the client or to the lawyer is immaterial;

2.  Regardless of what is called, any legally-binding agreement in which medical treatment is or may be rendered to a party with the understanding that the bill will be paid from the proceeds of this litigation must be disclosed in

1

accordance with this Order, and the person or entity providing that treatment must be disclosed in the same manner as a Third-Party Funder; and;

3. This Order does not require an attorney of record to disclose that he or she has agreed to represent their client *pro bono.*

(C) For every Third-Party Funder:

1. Provide the Third-Party Funder's name and address;

2. Describe the nature of the Third-Party Funder's interest in the case;

3. Specify whether a contract exists between the Third-Party Funder and the disclosing party and/or the disclosing party's counsel;

4. Disclose whether the Third-Party Funder's approval is necessary for litigation or settlement decisions in the action and, if the answer is yes, then also generally disclose the terms and conditions relating to that approval; and

5. Disclose whether the Third-Party Funder or any of its corporate parents or affiliates (a) are in any way affiliated with or (b) receive funding of any type from a foreign government or governments. If the answer is yes, then also disclose which foreign government(s) and the nature of the affiliation with or funding from each foreign government(s).

II. **Contents of a Certification of No Third-Party Litigation Funding.** A Certification of No Third-Party Litigation Funding must state that "I have reviewed the Standing Order Requiring Disclosure of Third-Party Litigation Funding. After diligent inquiry,

2

I certify that [insert party name] has not received any third-party litigation funding at this time but I understand the continuing duty to supplement imposed by the Standing Order."

III.    **Timing.**  Compliance with this Order is due within ten days of the date of this Order, by every party who has entered an appearance as of the date of this Order.  If any party has not yet entered an appearance as of the date of this Order, then compliance is due within ten days of the date of that party's first filing in the case.

IV.    **When Expedited Disclosure is Required.**  For a party seeking emergency relief, compliance with this Order is due the later of either (1) three days from the date of this Order or (2) three days after the filing of a pleading or motion seeking emergency relief. The failure to timely comply with this Order may be a basis on which pending or future requests for emergency relief may be denied without prejudice.

V.    **Continuing Duty to Supplement.**  Counsel of record must promptly, affirmatively, and specifically confer with their clients to confirm whether circumstances exist that must be disclosed pursuant to this Order.  The obligations imposed by this Order are continuing, in the sense that supplementation of disclosure is required as necessary to accurately reflect the involvement of Third-Party Funders at all times throughout the pendency of this action.  For avoidance of doubt, after the initial Verified Disclosure of Third-Party Litigation Funding, a party's obligation to supplement will be considered timely if filed within seven days of the date third-party funding becomes known to either the party or the party's counsel.

**VII.    Consequences of Failure to Timely Disclose.** Failure to timely file the disclosure may be a basis on which a motion is denied without prejudice. Additionally, sanctions including dismissal of the action, entry of a default, or monetary sanctions may be entered against a non-compliant party or counsel.

**VIII.    Clarification.**    A party in doubt as to whether this Order mandates disclosure in a specific instance should (1) timely comply with this Order to the fullest possible extent, construing the language of the Order in the broadest reasonable sense while making the assumption that "the broadest reasonable sense" does not compel disclosure to the extent otherwise prohibited by statute; then, if necessary, (2) file a motion for clarification.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 6, 2026.

_____
**ANNE LEIGH GAYLORD MOE**
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Unrepresented Parties

4