**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

XIANGRONG WANG,
    Petitioner,

v.                              Case No. 6:26-CV-00951-AGM-NWH

LIJUN LU AND MEI WANG,
    Respondents.

_____

**RESPONDENTS' MOTION TO DISMISS PETITIONER'S
PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRAL AWARD, AND
RESPONDENTS' MEMORANDUM IN RESPONSE TO PETITIONER'S MEMORANDUM
IN SUPPORT OF THE PETITION**

Respondents Mr. Lijun Lu and Ms. Mei Wang respectfully submit this

memorandum in support of their motion to dismiss Petitioner Xiangrong Wang's

Petition to Recognize and Enforce a Foreign Arbitral Award under the Convention

on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York

Convention") pursuant to Federal Rules of Civil Procedure 12(b)(2) (lack of

personal jurisdiction), 12(b)(5) (insufficient service of process), and 12(b)(6)

(failure to state a claim upon which relief can be granted), and in opposition to

Petitioner's own memorandum (DE 1-2) supporting his Petition.

The Petition should be denied and dismissed for two independent reasons.

First, this Court lacks personal jurisdiction over Respondent Lijun Lu. Petitioner

has never effected service upon Mr. Lu. Petitioner's own process server confirmed

1

that Mr. Lu neither resided at nor was present at Respondent Mei Wang's Orlando residence, and that Ms. Wang was not authorized to accept service on his behalf. (DE 12). Although Petitioner subsequently obtained summonses directed to an address in Shanghai, China, service has never been completed. Accordingly, Mr. Lu has never been brought before this Court. Furthermore, there would not be long-arm jurisdiction over Mr. Lu in this forum even if he had been served. Mr. Lu thus makes a special appearance to contest jurisdiction, without waiving himself into this forum, and asserting FRCP 12(b)(2) and 12(b)(5) in his defense.

Second, recognition of the arbitral award against Respondent Mei Wang is independently barred under Article V of the New York Convention. Although Ms. Wang was identified by the Chinese court as being represented by counsel in the Chinese arbitration, the undisputed record demonstrates that she never meaningfully participated in the proceedings. The arbitral award itself reflects that notices from the tribunal were served only on other arbitration respondents, and not on Ms. Wang (DE 1-4, PDF p. 35), notwithstanding that the tribunal ultimately entered an award against her. Ms. Wang never received notice from the tribunal (Wang Declaration, ¶¶ 21-22, never communicated with the arbitral tribunal (Wang Declaration, ¶ 24), never communicated with the attorney identified as representing her regarding the arbitration (Wang Declaration, ¶ 18), never paid that attorney (Wang Declaration, ¶ 19), never participated in the settlement negotiations

(Wang Declaration, ¶ 23), and was never afforded a meaningful opportunity to present her own case (Wang Declaration, ¶¶ 15-24). Those circumstances constitute independent grounds for refusing recognition and enforcement under Article V(1)(b) of the New York Convention, providing a basis for dismissal under FRCP 12(b)(6).

Accordingly, the Petition should be denied in its entirety.

**Standard of Review for Motion to Dismiss**

A party may move to dismiss a petition due to lack of personal jurisdiction. *See* FRCP 12(b)(2). A petitioner who brings an proceeding against a non-resident respondent "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *See Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018) (internal quotations omitted). This Court should dismiss the action if the petitioner fails to plead sufficient facts showing there is personal jurisdiction over the respondent. *See, e.g., Shaunnessey v. Monteris Med., Inc.*, 554 F. Supp. 2d 1321, 1331 (M.D. Fla. 2008). In addition, when a respondent presents evidence showing that there is no jurisdiction, the petitioner must "produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Romero v. Four Seasons Hotels Ltd.*, Case No. 2:24-cv-819-JLB-KCD, 2025

3

WL1124995, *2, 2025 U.S. Dist. LEXIS 71970, *4 (M.D. Fla., Apr. 16, 2025) (citation omitted).

A respondent may also seek dismissal due to a petitioner's failure to serve process on a respondent. *See* FRCP 12(b)(5). "When a defendant contests service, the plaintiff has the burden to show service was sufficient. … While return of service may serve as prima facie evidence that service was properly performed, … it is not 'conclusive proof' of proper service." *Reyes v. Varela*, 2016 U.S. Dist. LEXIS 84408 (S.D. Fla., Jun. 29, 2016) (citations omitted).

A respondent may also seek dismissal due to a petitioner's failure to state a claim upon which relief can be granted. *See* FRCP 12(b)(6). To survive a motion to dismiss for failure to state a claim, a petitioner must plead sufficient facts to state a claim that is "plausible on its face." *Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1137 (M.D. Fla. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that merely alleges a possible or "conceivable" claim for relief is insufficient. *Iqbal*, 556 U.S. at 680 (internal quotations omitted). Instead, a petitioner must allege sufficient factual matter that shows that it is entitled to relief. *Id.* at 679.

**Argument**

I. **As to FRCP 12(b)(5), There Is No Personal Jurisdiction Over Lijun Lu, Because He Has Not Been Served With Process.**

On May 1, 2026, Petitioner instituted this proceeding against Respondents by the filing of a petition (DE 1) to recognize and enforce a Chinese arbitral award (DE 1-4). Petitioner filed with its petition a memorandum in support of it (DE 1-2), with some documentary evidence attached to an attorney's declaration (DE 1-3). Petitioner requested (DE 1-5 and 1-6), and the Court issued (DE 5), summonses against Lijun Lu and Mei Wang, both addressed to the same address on Sunsail Avenue, Orlando, Florida.

Mei Wang was served in Orlando on Tuesday June 23, 2026, according to a declaration of service (DE 11) filed by Petitioner. According to another declaration (DE 12), the server failed to serve Lijun Lu there, as (1) he did not find Mr. Lu there, (2) he was told that Mr. Lu did not reside there, and (3) was told that Mei Wang did not have authority to accept service on Mr. Lu's behalf. Subsequently, Petitioner requested (DE 13 and 14), and the Court issued (DE 16 and 17), two identical summonses for Lijun Lu, for an address in Shanghai, China. No proof of service has been filed for those summonses. As such, Lijun Lu has never been served in this proceeding.

Mr. Lu resides in China and has not entered the United States during the relevant period. Wang Declaration, ¶¶ 4-9. Petitioner does not dispute those facts.

Federal Rule of Civil Procedure 4(f) provides a procedure for serving an individual located outside of the United States. Until the present, Petitioner has not completed this procedure, and there is no indication on the docket that Petitioner has done anything more in this regard than obtain a summons addressed to China. Federal Rule of Civil Procedure 4(e) provides procedures for serving an individual within the United States. FRCP 4(e)(2) allows service either by (1) personal service on Mr. Lu in America, which obviously has not happened, (2) leaving a copy of the summons and complaint at Mr. Lu's dwelling or usual place of abode in America with someone of suitable age and discretion who resides there, which also obviously has not happened as he resides in China, or (3) delivering a copy of the papers to an agent authorized by appointment or by law to receive service of process, which also has not happened – Petitioner's process server reported that he was informed that Ms. Wang was not authorized to accept service of process for Mr. Lu. (DE 12). The process server further reported that the summons issued to Mr. Lu was never served. (DE 12). Thus, even if Ms. Wang could have accepted service on his behalf—which she could not (Wang Declaration, ¶¶ 10-12)—no such substituted service actually occurred.

Thus, service can only have been made on Mr. Lu if, under FRCP 4(e)(1), service on Ms. Wang was service on Mr. Lu under Florida state law. Florida Statutes, Section 48.031(1), allows for personal delivery to Mr. Lu, or leaving of

6

the papers at his usual place of abode. This requirement was obviously not accomplished in Orlando, Florida. Alternatively, Florida Statutes, Section 48.031(2)(a), allows for service on a spouse in some circumstances: "Substituted service on the spouse of the person to be served may be made at any place in a county by an individual authorized under s. 48.021 or s. 48.27 to serve process in that county, if the cause of action is not an adversarial proceeding between the spouse and the person to be served, if the spouse requests such service or the spouse is also a party to the action, **and if the spouse and person to be served reside together in the same dwelling**, regardless of whether such dwelling is located in the county where substituted service is made." (Emphasis added.) The fact that Mr. Lu and Ms. Wang indisputably do not reside together in the same dwelling (Wang Declaration, ¶¶ 4-9) absolutely bars use of that statute to serve Mr. Lu in Florida through service upon his wife at her own separate address. *See Orange Lake Country Club v. Castle Law Grp., P.C.*, Case No: 6:17-cv-1044-Orl-31DCI, 2017 WL 10085022, 2017 U.S. Dist. LEXIS 223593, *8-9 (M.D. Fla., Dec. 6, 2017) (no service on husband where he was not served personally, and his wife who was served did not reside with him).

Importantly, nowhere in any of the papers that Petitioner filed to the docket does Petitioner assert that he actually did serve Mr. Lu. Petitioner's argument about personal jurisdiction is entirely an argument that due to Mr. Lu's supposed

7

contacts with Florida, long-arm jurisdiction exists over him. Such an argument can be successful only as to a respondent who has actually been served in the first place. *See* FRCP 4(k)(1)(A): "**Serving a summons** or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Because neither has occurred, Petitioner's jurisdictional analysis never gets off the ground.

It is, however, noteworthy, that Petitioner makes no argument that general personal jurisdiction exists on the grounds that Mr. Lu is at home in Florida. On the contrary, Petitioner argues solely for long-arm jurisdiction. In doing so, Petitioner tacitly admits that Mr. Lu does not share a dwelling with Ms. Wang in Florida, and that he is outside of Florida altogether. Indeed, Petitioner has introduced evidence (DE 1-3, Ex. 2, PDF p. 22), showing that Mei Wang did not even acquire ownership of the Orlando address until November of 2023, fewer than three years ago. Mr. Lu has not even set foot in America since that time, let alone that address. (Wang Declaration, ¶¶ 4-9). Further, Petitioner submitted an arbitration award dated February 5, 2024 (DE 1-4, PDF p. 28), which refers to Mr. Lu as a resident of Shanghai, China (*id.*, pp. 30-31). And Petitioner's process server visited Ms. Wang's address, did not find Mr. Lu there, and was told that he did not live there. (DE 12). These documents submitted by the Petitioner himself

8

demonstrate Mr. Lu's absence from Florida, and therefore that he does not reside in Ms. Wang's dwelling.

To the extent that Petitioner argues that Mr. Lu has the use and benefit of Ms. Wang's Florida home (DE 1-2, p. 4), an argument made solely for the purpose of showing minimum contact for the purpose of obtaining long-arm jurisdiction over a foreigner, that is pure speculation. Mere speculation that a defendant or respondent is present in Florida is not enough to establish personal jurisdiction over him, including that he is at home in the state. *Amerifactors Fin. Group, LLC v. Enbridge, Inc.*, Case No: 6:13-cv-1446-Orl-22TBS, 2013 WL 5954777, 2013 U.S. Dist. LEXIS 159629, *24-25 (M.D. Fla., Nov. 7, 2013) (mere speculation that defendant was at home in Florida was not enough for general personal jurisdiction).

Petitioner has provided no documentary evidence to support the position other than a couple of LexisNexis searches (DE 1-3) showing Lijun Lu's name as a "Name Associated with Address." The Court should not read too much into this. Mr. Lu is associated with the address inasmuch as his wife lives there. Jiangang Ou's Declaration (DE 1-3) refers to the first LexisNexis report as a report on Mei Wang (*id.*, PDF pp. 2-3, ¶ 5), and to the second as a report on Lijun Lu (*id.*, PDF p. 3, ¶ 6). But the so-called Lijun Lu report is entitled "Wang, Lijun," calls its subject a female, and states Mei Wang as an alternate name for the individual. Evidently,

9

both reports are actually on Mei Wang. Neither is a report on Lijun Lu, and neither states that Lijun Lu resides in Orlando. Thus, rather than establishing that Mr. Lu resides in Florida, the reports merely reinforce Ms. Wang's connection to the Orlando property. Petitioner relies principally upon public-record searches reflecting only that Mr. Lu is "associated" with Ms. Wang's address because she resides there. Such speculation cannot establish personal jurisdiction.

As such, there is no basis for this Court to conclude that Mr. Lu shares a dwelling with Ms. Wang. It thus follows that Mr. Lu has not been served under any of the procedures allowed by FRCP 4. Because he has not been served, there is simply no personal jurisdiction over him, and this Court should therefore not domesticate the arbitration award against him, and should dismiss the petition as against him.

## II.    As to FRCP 12(b)(2), There Is No Personal Jurisdiction Over Lijun Lu Because Even If He Were Served, There Cannot Be Long-Arm Jurisdiction Over Him.

As explained above, there cannot be general personal jurisdiction over Lijun Lu, because he, as a longtime resident of China, is not at home in Florida. Petitioner does not argue that there is general jurisdiction over him. Petitioner instead argues for long-arm jurisdiction under FRCP 4(k)(1)(A). There cannot be long-arm jurisdiction over him unless he has been served, and he has not been. But even if he had been served, there cannot be long-arm jurisdiction in this forum

because there is nothing about Petitioner's claim in this proceeding that arises out of any minimum contacts made by Lijun Lu with Florida.

In *Worldwide Aircraft Servs. v. Anthem Ins. Co.*, Case No. 8:25-cv-1444-TPB-SPF, 2025 WL 3771274, 2025 U.S. Dist. LEXIS 267991 (M.D. Fla., Dec. 31, 2025), a Florida petitioner petitioned for domestication in Florida of an out-of-state arbitration award against an Indiana respondent. The court, having noted the grounds for long-arm jurisdiction present in Florida Statutes, Section 48.193, dismissed the petition on grounds of lack of long-arm jurisdiction. (*Id.*, at 10). This was because the Indiana respondent submitted a declaration, which was not overcome by the petitioner, demonstrating that the respondent "among other things, … is an Indiana corporation with its principal place of business in Indiana, does not maintain an office or phone number in Florida, does not own or lease real property in Florida, and does not advertise or solicit business in Florida." (*Id.*, at 5-6).

The same reasoning applies here. In the present case, Lijun Lu does not satisfy any of the bases in Florida Statutes, Section 48.193, for long-arm jurisdiction. He does not carry on business in Florida. He has not even been accused of a tort committed in this state (*see* Petitioner's claim in DE 1, pp. 9-10, which is exclusively about domesticating a Chinese arbitration award arising out of a contract dispute in China). He does not own any real property in Florida. Wang

11

Declaration, ¶ 5; and *see* Petitioner's DE 1-3, Ex. B, PDF p. 21, showing that Mei Wang is the 100% owner of the Orlando address; and *see* Mazzola Declaration, 2, Exhibit A), showing Mei Wang as the 100% owner as of July 13, 2026. He did not breach a contract in this state because he does not reside in Florida (Wang Declaration, ¶¶ 4, 7), and the contracts that gave rise to the arbitration award were not Florida contracts (*see* DE 1-4 for the Chinese contracts). No other basis for long-arm jurisdiction is present or is even suggested by Petitioner. In fact, there is not a single basis in the statute for long-arm jurisdiction that Petitioner does assert to exist.

Petitioner asserts (DE 1-2, p. 5) that, somehow, his claim for recognition of the foreign arbitral award arises out of Mr. Lu's marriage to Mei Wang in Florida, and his alleged communications to Ms. Wang about the arbitral award and his payment obligations thereunder. Such contacts themselves with Florida are not bases for personal jurisdiction under Florida Statutes, Section 48.193. But even further, the claim for recognition of the award plainly does not arise out of those contacts. It is illogical to say that Petitioner has such a claim *because* he communicated with his wife in Florida about the Chinese award, or that he has such as claim *because* he is married to a Floridian. *See, e.g., Pavone v. Am. Cont. Sys.*, Case No. 2:24-cv-1054-KCD-NPM, 2025 WL 2977640, 2025 U.S. Dist.

LEXIS 207616, *7 (M.D. Fla., Oct. 22, 2025) (no long-arm jurisdiction because no evidence that the claim arose from the defendant's communications into Florida).

It is also doubtful whether due-process considerations justify this Court's involving itself in a dispute between a Chinese resident and another Chinese resident arising from a Chinese contract dispute when neither has any presence or property in Florida. It is not easy for Mr. Lu to come to Florida to defend himself, as he is not legally permitted to do so. (Wang Declaration, ¶ 14). *See Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987) (fairness considerations prevented long-arm jurisdiction over foreign defendant where plaintiff was foreign, substance of dispute was foreign, the burden on the foreign defendant having to defend in forum was severe, and the forum state lacked a strong interest in the foreign dispute).

As Mr. Lu has not been served with process (DE 12), has not authorized Ms. Wang to accept service for him (Wang Declaration, ¶¶ 10-11), does not dwell with Ms. Wang for the purpose of substituted service (Wang Declaration, ¶¶ 4-9), is not at home in Florida for general jurisdiction (*id.*), lacks minimum contact with Florida for specific jurisdiction, has made no contact with Florida out of which Petitioner's claim can arise, does no business and owns no real property in Florida (Wang Declaration, ¶ 5), and cannot without severe inconvenience be made to appear personally in Florida (Wang Declaration, ¶ 14), in this proceeding against a

13

foreign Petitioner over a foreign business dispute, there cannot be personal jurisdiction of any kind over Mr. Lu.

**III.    As to FRCP 12(b)(2), the Arbitral Award Is Not Effective Against Mei Wang Because She Did Not Participate in Its Entry Against Her.**

Even if the Court were to conclude that personal jurisdiction exists over Ms. Wang, recognition of the arbitral award remains subject to the limited but important defenses set forth in Article V of the New York Convention. Several of those defenses are present here.

The New York Convention's Article V(1)(a)-(b), (d), provides:

*Article V*
1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
   (a) The parties to the agreement referred to in article II [*i.e.*, an agreement to submit to arbitration] were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
   (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case;
                                ...
   (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; ... [.]

14

These are sufficient grounds for refusal of recognition of the Chinese arbitral award as against Mei Wang.

The arbitral award itself demonstrates that tribunal notices were served only upon Respondents Nos. I and II (Xuzhou Huamei Qiyue Enterprise Management Consulting Co., Ltd., and Lijun Lu) (DE 1-4, PDF p. 35). No comparable finding appears with respect to Ms. Wang. That omission is significant because Ms. Wang declares that she never received any notice from the tribunal (Wang Declaration, ¶ 22), was never informed of the tribunal's formation (Wang Declaration, ¶ 21), never communicated with the tribunal (Wang Declaration, ¶ 24), and never participated in the arbitration proceedings (Wang Declaration, ¶¶ 15-24).

Respondents Nos. III, IV, and V (Dongyang Certus Information Technology Co., Ltd., Xingtai Certus Information Technology Co., Ltd., and Mei Wang) were supposedly joined to the arbitration pursuant to a Joinder Agreement on January 19, 2024. (DE 1-4, PDF p. 35). The arbitral tribunal accepted their joinder application on January 31, 2024, and issued its arbitral award on February 5, 2024—only five days later. (*Id.*) During those five days, the arbitral award does not indicate that Respondents Nos. 3, 4, and 5 were subsequently served with the Request for Arbitration, supporting evidence, notice of the constitution of the arbitral tribunal, or any other arbitration-related documents.

Although an attorney was identified as representing Ms. Wang during the arbitration, the record does not establish that she meaningfully participated through counsel. Ms. Wang declares that she never communicated with that attorney concerning the arbitration (Wang Declaration, ¶ 18), never paid him for representing her (Wang Declaration, ¶ 19), never participated in settlement negotiations (Wang Declaration, ¶ 23), and never received any notification from the tribunal of the arbitration proceedings (Wang Declaration, ¶ 22).

Mei Wang at the time these proceedings were happening, and at the time the January arbitration agreement and settlement agreement were made, was residing in Florida (Wang Declaration, ¶ 3), and her lawyer's name according to the arbitral award itself, Zheng Haifeng, was the lawyer named for all five of the respondents in the Chinese arbitration indiscriminately (DE 1-4, PDF pp. 30-32).

Indeed, such was Ms. Wang's lack of involvement that she did not personally sign the agreement that ostensibly submitted herself as a party to the arbitration. (*See* the Chinese signature page at DE 1-4, PDF p. 65, which lacks any execution next to her name; and *see* its English translation at DE 1-4, PDF p. 104).

As such, there are grounds under New York Convention Article V(1)(a), V(1)(b), and V(1)(d), for non-recognition of this award as against Mei Wang. Firstly, under Article V(1)(a) and Article V(1)(d), it is questionable whether she ever validly joined the Chinese arbitration and consented to its constitution and

16

jurisdiction over her, as she never personally executed the arbitration agreement, lacked understanding of the arbitration and the settlement agreement that had already been concluded, and did not meaningfully communicate with any attorney who might represent her interest or act on her behalf in China. Secondly, under Article V(2)(a), she lacked notice and an ability to defend herself in the Chinese proceedings, as she was not there, and did not have an attorney dedicated specifically to advancing her own interest personally. The Chinese court's arbitral award, dated February 5, 2024, even incorrectly noted her residence as a Chinese address in Shanghai (DE 1-4, PDF p. 32), although she was living in Orlando, where she had taken ownership of her house on November 16, 2023 (Wang Declaration, ¶¶ 3, 5; DE 1-3, PDF p. 21). This emphasizes her lack of notice from the tribunal and true participation in the Chinese arbitration. Her lack of signature on the arbitration agreement, and the Chinese court's apparent obliviousness to this and to her true whereabouts, emphasize that her name was being used in China without her full control. She herself did not present her case and was unable to do so. After all, the arbitration agreement that Ms. Wang was supposed to have signed was dated to the exact same date, January 19, 2024 (DE 1-4, PDF p. 96), as the separate arbitration settlement already concluded by the existing parties to the arbitration (DE 1-4, PDF p. 35), which itself was made after months of arbitration, and the Chinese court entered the arbitral award confirming that settlement

17

agreement just seventeen days later. The fact that a settlement to the arbitration had already been concluded by the time Mei Wang's joinder to the arbitration was even proposed, emphasizes even more that she lacked notice and an opportunity to defend herself in the Chinese proceeding.

### Conclusion

Wherefore, the Court should decline to recognize, confirm, and enforce the foreign arbitral award, and should deny all other relief that Petitioner has requested, and should dismiss the Petition in its entirety.

Dated:      New York, New York
            July 14, 2026

**Mazzola Lindstrom LLP**

*By:*

Jean-Claude Mazzola
1350 Avenue of the Americas
Second Floor
New York, New York 10019
jeanclaude@mazzolalindstrom.com
Tel.: 646-250-6666
Attorneys for Respondents

18

## Certificate of Service

I certify that on July 14, 2026, true and correct copies of this document, and all other documents filed by Respondents herewith, were served via CM/ECF on all counsel of record, including the attorneys for Petitioner.

Respectfully submitted,

**Mazzola Lindstrom LLP**

By:

Jean-Claude Mazzola
1350 Avenue of the Americas
Second Floor
New York, New York 10019
jeanclaude@mazzolalindstrom.com
Tel.: 646-250-6666
Attorneys for Respondents

19

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence.  After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way.  I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing.  If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure.  I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11.  If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended.  Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

The above certification applies to all documents filed herewith.

**Mazzola Lindstrom LLP**

By:

Jean-Claude Mazzola
1350 Avenue of the Americas
Second Floor
New York, New York 10019
jeanclaude@mazzolalindstrom.com
Tel.: 646-250-6666
Attorneys for Respondents

21