**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| XIANGRONG WANG,<br><br>     Petitioner,<br><br> v.<br><br>LIJUN LU and MEI WANG,<br><br>     Respondents. | Case No.<br><br>6:26-cv-00951-AGM-NWH |

**PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENTS'**
**MOTION TO DISMISS THE PETITION TO RECOGNIZE**
**AND ENFORCE FOREIGN ARBITRAL AWARD**

Petitioner, Xiangrong Wang ("Petitioner"), respectfully submits this Response in Opposition to the Motion to Dismiss (Dkt. 18) filed by Respondents, Lijun Lu ("Lu") and Mei Wang ("Wang") (together, "Respondents"), and states as follows.

### INTRODUCTION

Congress has commanded that a district court "shall confirm" a foreign arbitral award falling under the New York Convention, "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207; *see* Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("New York Convention"). A confirmation proceeding is a summary, pro-enforcement mechanism, and the party resisting enforcement bears a heavy burden of proving one of the Convention's seven exhaustive, narrowly construed Article V defenses. *See Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434 (11th Cir.

1998). For the following reasons, Respondents cannot carry that burden, and their Motion should be denied.

As to Wang, the Motion misapprehends the governing framework. Article V defenses are affirmative merits defenses on which Wang bears the burden of proof; they are not a challenge to this Court's personal jurisdiction under Rule 12(b)(2), and Wang does not appear to contest that she is "at home" in Florida. Wang's Article V arguments rest on her own self-serving declaration (Dkt. 19), which fails to controvert the certified Final Award's findings and is further contradicted by the executed originals submitted herewith: a Power of Attorney retaining attorney Zheng Haifeng of Beijing Yingli Law Firm to represent her in this very BAC case; an Application for Participation in Arbitration asking to be joined as a respondent and expressly waiving the defense period, the service period, and arbitrator selection; and the signature pages of the Agreement on Arbitration and Debt Assumption. Supp. Lin Decl. Exs. A–C. Of particular significance, Wang asked the BAC to proceed without the very procedural steps she now identifies as lacking: twice, in writing, over her own signature and fingerprint, she waived the defense period, the service-of-process period, and any role in selecting the arbitrators. Because the arbitration proceeded in the manner Wang requested, the absence of those steps does not supply a ground for refusing enforcement. On a confirmation petition—reviewed under a standard akin to summary judgment—such a declaration cannot defeat confirmation, and Wang has in any event shown no procedural deprivation, as the Convention requires.

As to Lu, the Motion conflates service of process with personal jurisdiction. Lu purposefully directed communications and transfers into the United States—and specifically into Florida—concerning the Final Award and its payment, conduct that independently satisfies Fifth Amendment due process. His United States citizenship further supports personal jurisdiction: a citizen who chooses to retain that enduring

2

national affiliation may be called to answer in federal court for claims arising under federal law, particularly when he has also purposefully availed himself of the nation by directing suit-related conduct into the country. Rule 4(k)(2) of Federal Rules of Civil Procedure ("Rule 4(k)(2)") supplies jurisdiction, because Petitioner's claim arises under federal law; Lu's purposeful suit-related conduct satisfies Fifth Amendment due process; and no single State's courts have general personal jurisdiction over him—a showing Respondents themselves confirm by asserting that Lu is not subject to jurisdiction in Florida, while Lu identifies no alternative forum. Lu's separate contention that he has not yet been served is not a basis for dismissal: the 90-day deadline of Rule 4(m) of Federal Rules of Civil Procedure ("Rule 4(m)") does not apply to service on an individual in a foreign country, Petitioner is diligently pursuing service on Lu in China, and the proper course for any incomplete foreign service is additional time to complete it—not dismissal.

## **RELEVANT BACKGROUND**

1. On February 5, 2024, the Beijing Arbitration Commission/Beijing International Arbitration Center (the "BAC") issued a final and binding arbitral award (the "Final Award" or "Award") in favor of Petitioner and against Respondents, in Case (2023) J. Z. A. Z. No. 06963. Dkt. 1 ¶¶ 2, 27–29; Dkt. 1-4. The arbitration was initiated in August 2023, proceeded through multiple procedural steps over several months, and concluded only after the parties reached a settlement in January 2024.

2. On or about January 19, 2024, all parties, including Mei Wang, executed the Agreement on Arbitration and Debt Assumption (a/k/a "Arbitration Agreement and Debt Assumption Agreement") for Case (2023) J. Z. A. Z. No. 06963 (the "Accession Agreement"). By the Accession Agreement, Wang agreed that any dispute concerning the case would be submitted to the BAC, agreed to participate in the arbitration as a respondent, acknowledged the composition of the arbitral

3

tribunal, voluntarily ***waived*** the defense period, the service-of-process period, and the right to select arbitrators, and assumed joint and several liability for the debts at issue. Dkt. 1 ¶¶ 16, 24–26; Dkt. 1-4 at 35, 97–98, 104.

3. Wang also personally signed and submitted to the BAC an Application for Participation in Arbitration, requesting to be joined "as the respondent" in Case (2023) J. Z. A. Z. No. 06963. In it, Wang stated that she had executed the Accession Agreement, and "voluntarily assumed all debts involved in the aforesaid case," that she "acknowledge[d] the formation of the arbitral tribunal for this case," and that she "voluntarily waive[d] [her] rights to the period for submission of defenses, service period, and the appointment of arbitrators." Supp. Lin Decl. Ex. B. The Application bears Wang's signature and fingerprint, and her United States passport number. *Id.*

4. On or about January 18, 2024, Wang personally signed, with her signature and fingerprint, a Power of Attorney identifying herself by her United States passport number (548446177) and appointing attorney Haifeng Zheng of Beijing Yingli Law Firm as her attorney to represent her in "the arbitration case . . . under reference number '(2023) J. Z. A. Z. No. 06963' which the Agreement on Arbitration and Debt Assumption intends to join as a debtor and has been accepted by the Beijing Arbitration Commission." Supplemental Declaration of Xinyu Lin ("Supp. Lin Decl.") Ex. A. The Power of Attorney granted "a full and special authorization," expressly including authority to sign, on Wang's behalf, "the Agreement on Arbitration and Debt Assumption, Settlement Agreement, Application for Participation in Arbitration, and Equity Pledge Agreement involved in the Case"; to "draft, execute, serve and receive all legal and arbitral documents related to the Case"; to "agree on the formation mode of the arbitral tribunal and appoint arbitrators"; to "attend hearings, state facts and legal arguments, and participate in

inquiry and cross-examination proceedings"; and to "conduct mediation and reach settlement agreements." *Id.*

5. The certified English translation of the Accession Agreement's signature page identifies Mei Wang as a party and attorney Zheng Haifeng of Beijing Yingli Law Firm as the "[s]ignature of the arbitration agent jointly authorized by" all five respondents, including Mei Wang. Dkt. 1-4 at 104; *see also id.* at 30–32 (identifying Zheng Haifeng as agent of record for each respondent, including Respondent V, Mei Wang). The counterpart signature pages of the Agreement on Arbitration and Debt Assumption bear Wang's own "Signature and Fingerprint" as a party, together with the signature of "the arbitration attorney jointly authorized by" Mei Wang and other parties. Supp. Lin Decl. Ex. C.

6. On or about January 31, 2024, the BAC accepted the joinder application and added Wang and the two affiliated entities as respondents; no party objected. Dkt. 1 ¶ 26; Dkt. 1-4 at 35. The tribunal found that the Subject Contracts, the Settlement Agreement, and the Accession Agreement "present[ed] true intentions of the Parties." Dkt. 1-4 at 40. The tribunal further found that Respondent V, Mei Wang, "agreed to waive the period for responding to all arbitration claims . . . the time limit for the service, and the right to designate arbitrators." *Id.* at 35.

7. Respondent Lu is a citizen of the United States. Dkt. 1 ¶ 5; Dkt. 1-4 at 30–31 (Final Award identifying "LIJUN LU, a citizen of the United States of America"). In separate Florida litigation, Respondents—represented by the same counsel appearing here—admitted that "Defendant Wang is a female domiciliary and citizen of Florida" and that "Defendant Lu, husband of Wang," is domiciled in China. Dkt. 1-3, Ex. 1.

8. Public and commercial records associate Lu with Wang's Orlando residence at 11732 Sunsail Avenue, and Petitioner alleges that Lu directed communications

and transfers into Florida concerning the Final Award and its payment. Dkt. 1 ¶¶ 5, 9–11, 31; Dkt. 1-2 at 3–4; Dkt. 1-3, Exs. 3–4.

9. Petitioner served Wang with the summons and the Petition in Orlando on June 23, 2026 (Dkt. 11), and has sought and obtained summonses to serve Lu, including reissued summonses directed to addresses in China. Dkts. 13, 14, 16, 17. Petitioner is actively pursuing service on Lu abroad through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 ("**Hague Service Convention**"), to which both the United States and the People's Republic of China are parties, and has transmitted a request for service to the Chinese Central Authority, which remains pending.

## LEGAL STANDARD

**Confirmation under the Convention.** The New York Convention, implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–208, "compels 'any court having jurisdiction . . . [to] confirm [an] award unless it finds one of the [listed] grounds for refusal.'" *Commodities & Mins. Enter. v. CVG Ferrominera Orinoco, C.A.* ("*CME*"), 111 F.4th 1294 (11th Cir. 2024) (quoting 9 U.S.C. § 207). A party opposing confirmation "may raise seven affirmative defenses" under Article V, and only those defenses. *Id.* Those defenses are construed narrowly to encourage the recognition and enforcement of commercial arbitration agreements in international contracts, and the party opposing enforcement bears the burden of proving that one of the defenses applies. *Cvoro v. Carnival Corp.*, 941 F.3d 487 (11th Cir. 2019). "The burden is a heavy one, as the showing required to avoid summary confirmance is high." *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,* 126 F.3d 15, 23 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)). Recognition and enforcement is "essentially a

stripped-down summary judgment proceeding" that is "akin to a motion for summary judgment," in which "[m]any of the ordinary procedural rules governing civil litigation are inapplicable." *Est. of Zhengguang v. Yu Naifen Stephany*, 105 F.4th 648 (4th Cir. 2024) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); and *Jiangsu Beier Decoration Materials Co. v. Angle World LLC*, 52 F.4th 554, 560 (3d Cir. 2022)).

**Rule 12(b)(5).** When service is contested, the petitioner has the burden to show service was sufficient; but the 90-day deadline of Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)." Fed. R. Civ. P. 4(m).

**ARGUMENT**

## I. <u>THE AWARD SHOULD BE CONFIRMED AGAINST MEI WANG, BECAUSE SHE HAS NOT CARRIED HER ARTICLE V BURDEN.</u>

**A. Wang's Article V arguments are affirmative merits defenses, not a Rule 12(b)(2) jurisdictional challenge, and they cannot be resolved on her declaration alone.**

Respondents present their Article V arguments as a challenge under "FRCP 12(b)(2)" (Dkt. 18 at 14). However, Article V supplies affirmative defenses to confirmation rather than a test of this Court's jurisdiction over Wang's person. Indeed, Wang does not dispute that she is "at home" in Florida: she is a Florida domiciliary and citizen who resides in Orange County, owns her Orlando home, holds a Florida driver's license, and is a registered Florida voter. Dkt. 1 ¶ 8; Dkt. 1-2 at 2–3; Dkt. 1-3, Exs. 2–3. Respondents' counsel has also stated in separate Florida litigation that "Defendant Wang is a female domiciliary and citizen of Florida." Dkt. 1-3, Ex. 1. The Court accordingly has personal jurisdiction over Wang.

The proper question is therefore whether Wang has met her burden of proving an Article V defense—and that inquiry proceeds under a standard "akin to a motion for summary judgment." *Est. of Zhengguang*, 105 F.4th 648. Wang has not met that burden. Her declaration does not deny that she retained attorney Zheng Haifeng to represent her in the BAC arbitration, that she agreed to participate as a respondent, and that she waived the procedural rights the Award describes. Instead, she states only that she "might have signed a document" and does not recall its purpose. Dkt. 19 ¶ 17. That equivocal, non-denial statement cannot defeat confirmation. A movant cannot obtain dismissal by submitting a declaration that fails to controvert the certified Award's findings; a declaration that implicitly concedes signing while claiming ignorance of purpose does not raise a genuine dispute of material fact. The executed signature pages submitted herewith—bearing Wang's own signature and fingerprint—corroborate the Award's findings. Supp. Lin Decl. Exs. A–C. The burden to avoid summary confirmance is high, and Wang's declaration, standing alone, does not meet it.

**B. Wang waived the procedural protections she now invokes—twice, in writing, over her own signature and fingerprint.**

One threshold point largely resolves Wang's procedural objections: Wang twice waived the procedural protections she now invokes. Specifically, in writings bearing her signature and fingerprint, Wang waived: (1) the defense period; (2) the service-of-process period; and (3) any role in selecting arbitrators. Dkt. 1-4 at 97–98, 104; Supp. Lin Decl. Ex. B. Those waivers bear directly on her defenses under Article V(1)(b) and Article V(1)(d), and the Court may resolve both defenses on that basis.

The first waiver appears in the Accession Agreement that Wang executed on or about January 18, 2024, by which she agreed that disputes would be submitted to the BAC, agreed to participate in the arbitration as a respondent, acknowledged the

composition of the arbitral tribunal, and "voluntarily waive[d] [her] rights for the defense period, the service of process period, and to select an arbitrator." Dkt. 1-4 at 97–98, 104. The second waiver appears in the Application for Participation in Arbitration that Wang signed and fingerprinted in her own name—an affirmative request to be joined "as the respondent" in Case (2023) J. Z. A. Z. No. 06963—in which she confirmed that she "ha[d] executed the Agreement on Arbitration and Debt Assumption, and voluntarily assumed all debts involved in the aforesaid case," that she "acknowledge[d] the formation of the arbitral tribunal for this case," and that she "voluntarily waive[d] [her] rights to the period for submission of defenses, service period, and the appointment of arbitrators." Supp. Lin Decl. Ex. B. That Application bears not only Wang's signature and fingerprint, but also her United States passport number. *Id.*

The Chinese tribunal made the same finding. In Paragraph 25 of the Final Award, the BAC recorded that Respondent V, Mei Wang, "agreed to waive the period for responding to all arbitration claims . . . the time limit for the service, and the right to designate arbitrators." Dkt. 1-4 ¶ 25. That finding is significant for two reasons. First, it establishes that the BAC did not disregard the procedural steps Wang now invokes; it proceeded without them, because Wang had waived them. Second, on a petition to confirm, the certified Award is the operative record of the arbitration, and a declaration offered years later does not displace the tribunal's contemporaneous findings on that question.

The legal consequences follow directly. Wang applied to join the arbitration and asked the tribunal to proceed without the steps she now identifies as missing. Because the arbitration proceeded in the manner she requested, that procedure does not supply  grounds for refusing enforcement. The point is clearest under Article V(1)(d), which measures the arbitral procedure not against an abstract standard but against "the agreement of the parties." New York Convention art. V(1)(d). Because

9

the parties' agreement incorporated Wang's waivers, the BAC's decision to proceed without a defense period, without a further service period, and without Wang's participation in arbitrator selection was *in accordance with* the parties' agreement and therefore does not establish an Article V(1)(d) defense. The same analysis applies under Article V(1)(b): the protections that provision affords belong to the party and may be relinquished, and a party who has relinquished them cannot establish on that basis that she was "not given proper notice" or "unable to present [her] case." *Id.* art. V(1)(b).

## C. Wang agreed to arbitrate before the BAC and acknowledged the tribunal's composition, which forecloses her defenses under Article V(1)(a) and V(1)(d).

Article V(1)(a) permits non-recognition only where the arbitration agreement "is not valid," and Article V(1)(d) only where "[t]he composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties." New York Convention art. V(1)(a), (d). Wang cannot satisfy either.

The record establishes that Wang agreed to arbitrate. She executed the Accession Agreement, which was also signed on her behalf by Zheng Haifeng, "the arbitration agent jointly authorized by" all five respondents, including Wang. Dkt. 1-4 at 104; *id.* at 30–32. It was further corroborated by the executed signature page of the Agreement on Arbitration and Debt Assumption, which bears Wang's "Signature and Fingerprint" as "Party F". Supp. Lin Decl. Ex. C. Wang then applied in her own name to be joined "as the respondent" in the case, confirming that she "ha[d] executed the Agreement on Arbitration and Debt Assumption, and voluntarily assumed all debts involved in the aforesaid case." Supp. Lin Decl. Ex. B. By that Agreement, Wang agreed that disputes would be submitted to the BAC and "voluntarily waive[d] [her] rights for the defense period, the service of process period, and to select an arbitrator." Dkt. 1-4 at 97–98. The tribunal expressly found

10

that the Accession Agreement reflected "true intentions of the Parties" and did not violate mandatory law. Dkt. 1-4 at 40. A party cannot be compelled to arbitrate without its consent, and the corollary follows: a party who did consent, by signing an arbitration agreement, cannot establish an Article V(1)(a) defense on the ground that no agreement to arbitrate exists.

Importantly, Wang does not deny that she signed these documents. Her declaration states that she "might have signed a document at some point." Dkt. 19 ¶ 17. That equivocal statement is, in substance, an admission: Wang acknowledges signing documents but claims only that she does not recall which ones or their purpose. Where a party bearing the burden of proof "might have signed" the operative agreements, the only reasonable inference is that she did sign them. Wang's claimed failure to recall the exact document or its purpose does not carry her burden to prove the arbitration agreement invalid under the governing law— here, the law of the People's Republic of China, which the parties chose. Dkt. 1-4 at 99 (Art. 7). A stated lack of recollection about purpose is not a defense to a signed contract, and it certainly does not establish that the agreement is "not valid" within the meaning of Article V(1)(a). Nor can Wang establish an Article V(1)(d) defense: she expressly acknowledged the composition of the tribunal and waived arbitrator selection, and "[n]one of the . . . Parties raised any objection to the composition of the Arbitration Tribunal." Dkt. 1-4 at 35, 97–98; Supp. Lin Decl. Exs. A–B.

Wang's declaration is remarkable for what it does not say. She does not deny that she retained attorney Zheng Haifeng to represent her in the BAC arbitration. She does not deny that she agreed to participate as a respondent. She does not deny that she waived the defense period, service period, and arbitrator selection—findings the tribunal made in the certified Award. Dkt. 1-4 at 35. She does not identify any specific document she disputes having signed. That is **not** evidence. It is the **absence** of evidence. A stated absence of recollection is not affirmative evidence that would

11

permit a factfinder to conclude the agreements are invalid, and it does not satisfy her burden of proof. The executed signature pages submitted herewith corroborate the certified Award's findings and leave no room for doubt. Supp. Lin Decl. Exs. A–C.

The Power of Attorney is a single, self-contained instrument: the page Wang signed and fingerprinted identifies the BAC as the forum, recites the case by docket number, states that she "intends to join as a debtor," and enumerates the four agreements her attorney was empowered to execute for her. Supp. Lin Decl. Ex. A. The Application for Participation in Arbitration is likewise self-contained: immediately above Wang's signature and fingerprint, it confirms that she executed the Accession Agreement, assumed the debts at issue, acknowledged the tribunal's formation, and waived all procedural deadlines and arbitrator-selection rights. Supp. Lin Decl. Ex. B. Each instrument disclosed its purpose and effect on the face of the page Wang executed. Wang's equivocal non-denial of the Award's findings, combined with this corroborating documentary record, cannot defeat confirmation.

Respondents further contend that Wang "did not personally sign the agreement that ostensibly submitted herself as a party to the arbitration," citing a counterpart signature page they state lacks an execution next to her name. Dkt. 18 at 16 (citing Dkt. 1-4 at 65, 104). The executed signature page of the Agreement on Arbitration and Debt Assumption addresses that contention. It bears Wang's "Signature and Fingerprint" as a party. Her Application for Participation in Arbitration, a separate instrument submitted in her own name, bears the same. Supp. Lin Decl. Ex. B. Taken together, the certified record establishes Wang's personal execution of each operative instrument, and the tribunal, which had the originals before it, found that those agreements "present[ed] true intentions of the Parties." Dkt. 1-4 at 40. (Petitioner possesses additional evidence, including *video recordings*, corroborating Wang's personal execution of the Power of Attorney, Agreement on Arbitration and Debt Assumption, Application for Participation in Arbitration, among other

12

documents, and reserves the right to submit such evidence if Respondents raise new factual contentions regarding the authenticity of Wang's signatures in any reply.)

Wang's written authorization independently binds her. In all events, whether Wang personally signed the Accession Agreement is immaterial, because she had already authorized counsel to sign it for her. On January 18, 2024—the day before the Accession Agreement was executed—Wang signed and fingerprinted a Power of Attorney appointing Zheng Haifeng of Beijing Yingli Law Firm as her attorney in this very case. That Power of Attorney identified the BAC as the forum, identified the case by docket number, and recited that Wang "intend[ed] to join as a debtor." Supp. Lin Decl. Ex. A.

The authorization was broad and specific. The Power of Attorney conferred "a full and special authorization" that expressly included authority "[t]o sign the Agreement on Arbitration and Debt Assumption Agreement, Settlement Agreement, Application for Participation in Arbitration, and Equity Pledge Agreement involved in the Case on behalf of the Principal." *Id.* The arbitration agreement Wang now disclaims is the first instrument on that list.

Mr. Zheng acted within that authority. Mr. Zheng then did precisely what Wang empowered him to do: he executed the Accession Agreement as "the arbitration attorney jointly authorized by" all five respondents, including Wang, on the signature page that designates Wang as "Party F." Dkt. 1-4 at 104; Supp. Lin Decl. Ex. C. The Final Award likewise identifies "Beijing Yingli Law Firm: Lawyer Zheng Haifeng" as the "Agent of the Respondent V"—Wang— "for this case." Dkt. 1-4 at 32. Nothing in the record suggests that Wang ever revoked that authority, and her declaration does not assert that she did.

In sum, the legal consequence is straightforward. A signature executed by an agent acting within the scope of written authorization binds the principal as though she had signed herself. Wang's objection that her own signature does not appear

13

beside her name on a particular counterpart page therefore identifies no defect in her assent. She authorized counsel in writing to sign the arbitration agreement for her; counsel signed it; and she then applied in her own name to be joined as a respondent based on that very agreement. Supp. Lin Decl. Exs. A–B. Her personal execution of the instrument, though established on this record, was never required.

The governing law confirms the point. Article V(1)(a) directs the Court to the law the parties chose—here, the law of the People's Republic of China. Dkt. 1-4 at 99 (Art. 7). Wang has submitted no evidence of PRC law, no expert declaration, and no authority indicating that a signatory may disclaim an instrument she signed on the ground that she did not review it. She therefore has not carried the burden Article V(1)(a) places on her.

**D. Wang's voluntary waiver is dispositive of her Article V defenses; in any event, she received proper notice, had an opportunity to present her case, and has shown no prejudice.**

Article V(1)(b) applies only where a party "was not given proper notice . . . of the arbitration proceedings or was otherwise unable to present his case." New York Convention art. V(1)(b).

Wang has not made that showing. As set out above, she twice waived—in writing, over her own signature and fingerprint—the notice and service periods she now invokes. Dkt. 1-4 at 97–98; Supp. Lin Decl. Ex. B. A party who signed a joinder agreement and was represented by counsel of record faces a heavy burden in claiming lack of notice or inability to present its case, and such claims are properly rejected, absent clear evidence of procedural irregularities that caused actual prejudice. Wang identifies none. That the BAC's notices were routed to the parties' Chinese agent, Zheng Haifeng, and that the Award recited a Shanghai residence address (Dkt. 18 at 16–17), reflects the contact information the respondents supplied in the agreements (Dkt. 1-4 at 96–97) and the authority Wang conferred on Zheng

14

"to draft, execute, serve and receive all legal and arbitral documents related to the Case" (Supp. Lin Decl. Ex. A). The Shanghai address the Award recites is the "[d]omicile in China" Wang supplied in her Power of Attorney. *Id.* Neither the Motion nor Wang's declaration disputes that she retained Zheng as her attorney for this arbitration. She was therefore represented by counsel of record, and because she empowered Zheng to "serve and receive all legal and arbitral documents related to the Case," notice to Zheng constituted notice to her. Supp. Lin Decl. Ex. A. Her statements that she did not personally receive notice from the tribunal, was not informed of its formation, did not communicate with it, and did not participate (Dkt. 19 ¶¶ 15–24) do not establish a defect in the BAC's notice; they concern the conduct of the representation between Wang and her counsel, which is not a ground for non-recognition under Article V. Finally, Wang has not shown prejudice: the Final Award confirmed a **settlement agreement** fixing joint and several obligations she assumed, and she identifies no defense to that obligation that different notice would have permitted her to present.

### E. Wang's conflict-of-counsel and non-participation arguments are not Convention defenses and, in any event, fail on this record.

Wang's statements that she did not communicate with, or pay, Zheng Haifeng, and that his simultaneous representation of multiple respondents created a conflict (Dkt. 18 at 16; Dkt. 19 ¶¶ 18–20), do not correspond to any of the seven Article V defenses. *CME*, 111 F.4th 1294. They are also difficult to reconcile with the record. Wang executed a Power of Attorney appointing Zheng of Beijing Yingli Law Firm as her attorney in this case, on "a full and special authorization," effective "from the date of issuance of this Power of Attorney" until the authorized matters were completed or Wang terminated the authorization. Supp. Lin Decl. Ex. A. The record does not reflect that Wang terminated it. The signature pages confirm that Zheng

15

acted as the "jointly authorized" agent for all five respondents. Dkt. 1-4 at 30–32, 104; Supp. Lin Decl. Ex. C. Wang's objection to the joint representation—by counsel to whom she and her co-respondents jointly granted authority, and whom she separately retained—does not establish that the agreement was invalid, that the procedure departed from the parties' agreement, that she was unable to present her case, or that she suffered prejudice. Such an objection concerns the relationship between Wang and her own counsel, and may present a fee or malpractice question, but it is not among the grounds for non-recognition the Convention specifies.

Notably, both Respondents were represented by qualified counsel in the underlying arbitration, and the Final Award was issued approximately two and a half years ago, in February 2024. If there were any genuine procedural defect in the arbitration—improper notice, lack of opportunity to be heard, invalid arbitration agreement, or any other ground that Wang now advances—Respondents could have moved to set aside or vacate the Award in China, the country where the Award was rendered. They did not. Their silence for over two years, while represented by counsel, speaks volumes: the procedural objections Wang now raises are litigation tactics manufactured for this enforcement proceeding, not genuine defects that troubled Respondents at the time. Wang's Article V defenses therefore fail, and the Final Award should be confirmed against her. 9 U.S.C. § 207.

## II. THE COURT HAS PERSONAL JURISDICTION OVER LIJUN LU

### A. Lu is subject to specific jurisdiction in Florida.

Petitioner has alleged—and Respondents have not disputed—suit-related Florida contacts sufficient to support specific jurisdiction: Lu deliberately directed communications and transfers into Florida concerning the recognition, payment, delay, and avoidance of the Final Award—the same obligations Petitioner seeks to enforce—and maintained marital and property-related connections to Florida

16

through his spouse's Orlando residence. Dkt. 1 ¶¶ 9–12, 31; Dkt. 1-2 at 3–4. Those contacts, which included wires, emails, phone calls, and WeChat messages that Lu transmitted to Wang in Orlando specifically concerning the Final Award and the parties' joint payment obligations, were deliberate rather than random, fortuitous, or attenuated. At the prima facie stage, those allegations, taken as true and with conflicts resolved in Petitioner's favor, suffice.

## B. This Court has personal jurisdiction over Lu under Rule 4(k)(2).

Even accepting Respondents' contention that Lu is not subject to jurisdiction in any single State, Rule 4(k)(2) supplies personal jurisdiction. Rule 4(k)(2) "authorizes a district court to aggregate a foreign defendant's nationwide contacts to allow for service of process provided that two conditions are met: (1) plaintiff's claims must arise under federal law, and (2) the exercise of jurisdiction must be consistent with the Constitution and laws of the United States." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 (11th Cir. 2009) (quoting *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). The Rule "approximates a federal long-arm statute," allowing district courts to exercise personal jurisdiction even where a defendant's contacts with the forum state would not support jurisdiction under that state's long-arm statute, so long as the defendant's contacts with the United States as a whole satisfy due process. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1293–94 (Fed. Cir. 2012) (citing *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Médico*, 563 F.3d 1285, 1294–95 (Fed. Cir. 2009)). Under Rule 4(k)(2), "the due process analysis . . . is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between the defendant and the forum state, the court considers contacts with the nation as a whole." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1072 n.9 (9th Cir. 2017) (cited solely for this nation-as-a-whole framework; the court

17

there affirmed dismissal for lack of personal jurisdiction, because the foreign defendant's aggregate United States contacts were minimal and unrelated to the claim, unlike Lu's own United States citizenship and his direct financial dealings with a Florida-based creditor concerning the very obligations at issue here); *see* also *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Médico*, 563 F.3d 1285, 1291, 1296 (Fed. Cir. 2009).

Here, each requirement is met. First, Petitioner's claim arises under federal law. Petitioner seeks recognition of a foreign arbitral award under the New York Convention and Chapter 2 of the FAA. 9 U.S.C. §§ 203, 207; 28 U.S.C. § 1331.

Second, no State's courts can exercise **general** personal jurisdiction over Lu. The Rule applies where a defendant "is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(A). Respondents themselves establish that condition. They assert that Lu is not subject to jurisdiction in Florida, and Lu—who describes himself as a Chinese domiciliary with no ties to any State— identifies no other State that could hear this case. Petitioner's alternative argument that Lu is subject to specific jurisdiction in Florida does not change the analysis, because this element turns on whether some State could exercise general jurisdiction over Lu, not on the theories a plaintiff pleads in the alternative.

Third, exercising jurisdiction satisfies Fifth Amendment due process. Lu purposefully directed suit-related communications and financial transfers into the United States concerning the Final Award. Dkt. 1 ¶¶ 9–11, 31. That conduct alone supplies the minimum contacts due process requires, because jurisdiction turns on a defendant's deliberate affiliation with the forum rather than on happenstance. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985). Lu's United States citizenship reinforces that conclusion. Dkt. 1 ¶ 5; Dkt. 1-4 at 30–31. A defendant who both retains an enduring affiliation with this country and deliberately directs suit-related conduct into it may fairly be called to answer here on a federal claim.

18

## C. Exercising jurisdiction over Lu is reasonable.

Exercising jurisdiction over a United States citizen in a proceeding to enforce an award under federal law is fair and reasonable. The United States has a substantial interest in the enforcement of arbitral awards against its own citizens under a treaty to which it is a party, and Petitioner has a substantial interest in obtaining effective relief. Florida likewise has an interest in adjudicating this enforcement proceeding, given the presence of a Florida resident, Florida real property in which Lu maintains marital and beneficial ties, and Florida-directed conduct concerning the very award obligations at issue. Respondents' reliance on *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102 (1987), is distinguishable on its facts: *Asahi* concerned a foreign defendant with no comparable national tie, whereas Lu is a United States citizen, and the relevant forum under Rule 4(k)(2) is the United States as a whole.

## III. <u>THE SERVICE CHALLENGE AS TO LU WARRANTS, AT MOST, ADDITIONAL TIME—NOT DISMISSAL.</u>

Respondents' Rule 12(b)(5) argument does not support dismissal. Service is a prerequisite to jurisdiction, and Petitioner is diligently completing service on Lu in China. The 90-day deadline of Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)," Fed. R. Civ. P. 4(m), so Petitioner has missed no deadline. Petitioner has obtained and reissued summonses directed to Lu at addresses in China and is pursuing service through the means available for service abroad. Dkts. 13, 14, 16, 17. Petitioner respectfully requests that, to the extent the Court finds service on Lu incomplete, it permits Petitioner a reasonable period to complete service abroad rather than dismiss.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court: (1) deny Respondents' Motion to Dismiss in its entirety; (2) confirm and enforce the

Final Award against Respondents pursuant to 9 U.S.C. § 207; and (3) if the Court finds that service on Respondent Lu remains incomplete, confirm the Final Award against Wang now, hold the petition in abeyance as to Lu pending completion of service, and grant Petitioner a reasonable period to complete such service, rather than delaying relief as to Wang on that basis. Petitioner further requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 4, 2026

> **FISHERBROYLES, LLP**
>
> /s/Jiangang ("James") Ou
>
> **JIANGANG ("JAMES") OU**
>
> James.Ou@fisherbroyles.com
>
> FisherBroyles, LLP
>
> 2925 Richmond Ave., Suite 1200
>
> Houston, TX 77098
>
> Telephone: (713) 732-1637
>
> (Admitted *pro hac vice*)
>
> **ROBERT B. GRAZIANO**
>
> Florida Bar No. 051249
>
> robert.graziano@fisherbroyles.com
>
> 950 North Collier Blvd., Suite 205
>
> Marco Island, FL 34145
>
> Telephone: (239) 877-3077
>
> *Attorneys for Petitioner Xiangrong Wang*

## CERTIFICATE OF SERVICE

I certify that on August 4, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.


/s/ Jiangang("James") Ou

Jiangang ("James") Ou

## Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: counsel used Harvey, a generative artificial intelligence platform for legal professionals, to assist in drafting and revising portions of the text of this filing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ Jiangang("James") Ou

Jiangang ("James") Ou

22

Docusign Envelope ID: FD2A4EDD-A223-8C2D-80EE-853D81F5835F

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

<table>
<tr><td>

XIANGRONG WANG,

                  Petitioner,

v.

LIJUN LU and MEI WANG,

                  Respondents.

</td><td>

Case No. 6:26-cv-00951-AGM-NWH

</td></tr>
</table>

**SUPPLEMENTAL DECLARATION OF XINYU LIN IN SUPPORT OF
PETITIONER'S RESPONSE IN OPPOSITION TO
RESPONDENTS' MOTION TO DISMISS**

I, Xinyu Lin, being of lawful age, hereby state and declare as follows:

1. I am an attorney licensed to practice law in the People's Republic of China. I am an attorney at Zhejiang T&C Law Firm (identified in the arbitral award as Zhejiang Tiance Law Firm). I served as counsel of record for Xiangrong Wang ("Petitioner" or "Applicant") in the arbitration proceeding administered by the Beijing Arbitration Commission/Beijing International Arbitration Center (the "BAC"), Case No. (2023) J. Z. A. Z. No. 06963 (the "Arbitration"). I previously submitted a declaration in support of the Petition. Dkt. 1-4.

2. I submit this Supplemental Declaration in support of Petitioner's Response in Opposition to Respondents' Motion to Dismiss (Dkt. 18). The statements in this declaration are true to the best of my knowledge, information, and belief, and are based on my personal knowledge and on the records of the Arbitration maintained

by me and by my firm in the ordinary course of our representation of Petitioner. If called as a witness, I could and would testify competently to the matters stated herein.

3. As counsel of record in the Arbitration, I received and reviewed the filings and party submissions in the Arbitration, including the instruments executed by Respondent Mei Wang in connection with her joinder to the Arbitration as a respondent. Each of the documents attached hereto as Exhibits A through C is a true and correct copy of a document from the Arbitration record, in the original Chinese, accompanied by a certified English translation.

4. Each of the English translations attached hereto was prepared by GUO Hong of Shanghai Lawtone Trans Co., Ltd., Room 807-809, Building 4, 680 West Shuichan Road, Baoshan District, Shanghai, China, and is accompanied by a Certificate of Translation executed by the translator, certifying that the translation is a true and accurate translation of the attached Chinese-language document.

5. Attached hereto as Exhibit A is a true and correct copy, in Chinese with a certified English translation, of the Power of Attorney executed by Mei Wang and dated January 18, 2024. In that Power of Attorney, Mei Wang identifies herself as the "Principal," states her nationality as "United States," (Passport No.: 548446177), and gives her "Domicile in China" as "Room 1001, Floor 14, Lane 777, Biyun Road, Pudong New Area, Shanghai." The Power of Attorney appoints as her attorney Mr. Haifeng Zheng, of Beijing Yingli Law Firm.

6. As reflected in Exhibit A, Mei Wang "hereby authorize[d] Haifeng Zheng as her attorney to represent her in the arbitration case (the 'Case') under reference number '(2023) J. Z. A. Z. No. 06963' which the Principal intends to join as a debtor and has been accepted by the Beijing Arbitration Commission involving Xuzhou Huamei Qiyue Enterprise Management Consulting Co., Ltd., Lijun Lu and Xiangrong Wang." The Power of Attorney states that "[t]he scope of authorization shall be a full and special authorization, including but not limited to the following,"

2

and expressly includes authority: "[t]o sign the Agreement on Arbitration and Debt Assumption Agreement, Settlement Agreement, Application for Participation in Arbitration, and Equity Pledge Agreement involved in the Case on behalf of the Principal"; "to conduct investigations and evidence collection, complete notarization, submit evidence, and file applications for evidence investigation on behalf of the Principal"; "to draft, execute, serve and receive all legal and arbitral documents related to the Case on behalf of the Principal"; "to file, acknowledge, waive, modify and withdraw arbitration claims and counterclaims on behalf of the Principal"; "to agree on the formation mode of the arbitral tribunal and appoint arbitrators on behalf of the Principal"; "to attend hearings, state facts and legal arguments, and participate in inquiry and cross-examination proceedings on behalf of the Principal"; and "to conduct mediation and reach settlement agreements on behalf of the Principal."

7. The Power of Attorney bears the signature and fingerprint of Mei Wang as Principal. I am not aware of, and the records of the Arbitration do not reflect, any notice or communication from Mei Wang terminating that authorization at any time during the Arbitration.

8. Attached hereto as Exhibit B is a true and correct copy, in Chinese with a certified English translation, of the Application for Participation in Arbitration submitted to the BAC by Mei Wang. In that Application, Mei Wang identifies herself as the "Applicant," gives her U.S. Passport No. as 548446177, and requests "[t]o participate in the arbitration case under reference number '(2023) J. Z. A. Z. No. 06963' accepted by the Beijing Arbitration Commission as the respondent."

9. As reflected in Exhibit B, Mei Wang stated: "Regarding the case under reference number '(2023) J. Z. A. Z. No. 06963' accepted by your Commission, I have executed the Agreement on Arbitration and Debt Assumption Agreement, and voluntarily assumed all debts involved in the aforesaid case. In light of the foregoing facts, I respectfully request your Commission to add me as the respondent to this

3

arbitration case in accordance with the Arbitration Rules. I acknowledge the formation of the arbitral tribunal for this case, and voluntarily waive my rights to the period for submission of defenses, service period, and the appointment of arbitrators." The Application bears the signature and fingerprint of Mei Wang as "Applicant."

10. Attached hereto as Exhibit C is a true and correct copy, in Chinese with a certified English translation, of the signature page of the Arbitration Agreement and Debt Assumption Agreement involved in the Case Numbered (2023) J. Z. A. Z. No. 06963. The certified translation identifies the page as the "signature page for Arbitration Agreement and Debt Assumption Agreement involved in the Case Numbered (2023) J. Z. A. Z. No. 06963." As shown on the Chinese original, that page designates Mei Wang as "Party F" in the English translation of the same page filed with the Petition—identifies her as "MEI WANG," and bears immediately beside that designation her handwritten signature and her fingerprint.

11. Consistent with Exhibits A through C, the Final Award issued by the BAC on February 5, 2024, identifies Mei Wang as "Respondent V," recites her "Passport No. 548446177", states her residence as "Room 1001, 14th Floor, Lane 777, Biyun Road, Pudong New Area, Shanghai, China," and identifies the "Agent of the Respondent V for this case" as "Beijing Yingli Law Firm: Lawyer Zheng Haifeng." Dkt. 1-4 at 32. The Shanghai residence address recited in the Final Award for Mei Wang is the same "Domicile in China" that Mei Wang set forth in her Power of Attorney at Exhibit A. Throughout the Arbitration, all notices, submissions, and other communications directed to the respondents were transmitted to Lawyer Zheng Haifeng of Beijing Yingli Law Firm as the respondents' counsel of record, consistent with the authority Mei Wang conferred in Exhibit A.

4

Docusign Envelope ID: FD2A4EDD-A223-8C2D-80EE-853D81F5835F

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed on this 3ʳᵈ day of August, 2026, in Hangzhou, China.



Signed by:

Xinyu Lin

435E6CE9EFE3491...

_____

Xinyu Lin, Esq.

**Attached hereto as exhibits:**

- Exhibit A: Power of Attorney executed by Mei Wang, dated January 18, 2024 (Chinese original and certified English translation)
- Exhibit B: Application for Participation in Arbitration submitted by Mei Wang (Chinese original and certified English translation)
- Exhibit C: Signature page, Arbitration Agreement and Debt Assumption Agreement, Case No. (2023) J. Z. A. Z. No. 06963 (Chinese original and certified English translation)

# Exhibit A

# 授权委托书

委托人：MEI WANG（中文名：王梅）
国籍：　美利坚合众国
护照号码：548446177
中国境内居住地：上海市浦东新区碧云路 777 弄 14 楼 1001

受托人：郑海峰
工作单位：北京盈理律师事务所
职务：律师　　联系电话：18811512232
联系地址：北京市朝阳区建国门外大街 1 号国贸大厦 A 座 5001 室

　　就徐州华美琦悦企业管理咨询有限公司、逯利军与王相荣的在北京仲裁委员会的（2023）京仲案字第 06963 号仲裁案件（"本案"），委托人拟作为债务人加入本案，兹授权上述受托人作为委托人的代理人。

　　受托人被授予的代理权限为全权代理，特别授权，包括：代为签署本案的《仲裁协议暨债务加入协议》、《和解协议》、《参加仲裁申请书》、《股权质押协议》；代为调查取证、公证、提交证据、申请调查取证；代为起草、签署、送达和签收与本案有关的法律文书和仲裁文书；代为提出、承认、放弃、变更、撤回仲裁请求/仲裁反请求；代为约定仲裁庭组成方式、选定仲裁员；代为参加开庭审理、陈述事实及代理意见并参加调查、质证活动；代为进行调解、和解。

　　委托期限自本《授权委托书》签发之日起至上述委托事项完结之日或委托人终止本《授权委托书》项下授权之日止（以二者中最先发生的日期为准）。

委托人：

2020 年 1 月 18 日



Docusign Envelope ID: FD2A4FBB-A223-8C2D-80FF-853D8155835F

Shanghai Lawtone Trans Co., Ltd.

Professional Translation
Specializing in Foreign Languages
Room 807-809, Building 4, 680 West Shuichan Road, Baoshan District
Shanghai, China (201906)
Contact: 86-21-56573309; 86-21-60733146; 13917277837
www.lawtonetrans.com

## Power of Attorney

Principal: Mei Wang

Nationality: United States

Passport No.: 548446177

Domicile in China: Room 1001, Floor 14, Lane 777, Biyun Road, Pudong New Area, Shanghai

Attorney: Haifeng Zheng

Employer: Beijing Yingli Law Firm

Title: Lawyer        Contact information: 18811512232

Contact address: Room 5001, China World Tower A, Jianguomeiwai Street, Chaoyang District, Beijing

The Principal hereby authorizes Haifeng Zheng as her attorney to represent her in the arbitration case (the "Case") under reference number "(2023) J. Z. A. Z. No. 06963" which the Principal intends to join as a debtor and has been accepted by the Beijing Arbitration Commission involving Xuzhou Huamei Qiyue Enterprise Management Consulting Co., Ltd., Lijun Lu and Xiangrong Wang.

The scope of authorization shall be a full and special authorization, including but not limited to the following: To sign the Agreement on Arbitration and Debt Assumption Agreement, Settlement Agreement, Application for Participation in Arbitration, and Equity Pledge Agreement involved in the Case on behalf of the Principal; to conduct investigations and evidence collection, complete notarization, submit evidence, and file applications for evidence investigation on behalf of the Principal; to draft, execute, serve and receive all legal and arbitral documents related to the Case on behalf of the Principal; to file, acknowledge, waive, modify and withdraw arbitration claims and counterclaims on behalf of the Principal; to agree on the formation mode of the arbitral tribunal and appoint arbitrators on behalf of the Principal; to attend hearings, state facts and legal arguments, and participate in inquiry and cross-examination proceedings on behalf of the Principal; and to conduct mediation and reach settlement agreements on behalf of the Principal.

The term of authorization hereunder shall commence on the date of issuance of this Power of Attorney and expire on the earlier of the following two dates: the date when all the authorized matters mentioned above are fully completed, or the date when the Principal terminates the authorization hereunder.

Principal: Mei Wang (Signature and Fingerprint)

January 18, 2024

I hereby certify that, to the best of my knowledge, this is an accurate translation of the original.
Translated by GUO Hong          Signature: GUO Hong          Date: July 21, 2026
Qualification: Test for English Majors-Band 8
Certificate No.: 0002263
Organization: Shanghai Lawtone Trans Co., Ltd.
Organization Address: Room 807-809, Building 4, 680 West Shuichan Road, Baoshan District, Shanghai, China (201906)
Contact: 86-21-56573309; 86-21-60733146; 13917277837

# CERTIFICATE OF TRANSLATION

Country of <u>China</u>                )

                                    )    SS:

City of <u>Shanghai</u>            )


I, <u>Guo Hong</u>, being duly sworn, depose and state:


1.      I am over 18 years of age.  My work address is at <u>Room 808, Building 4, 680 West Shuichan Road, Shanghai, China</u>.


2.      I am fluent in both English and Chinese languages.


3.      I hereby certify that I have translated the document, which is in Chinese language and is attached to this Certificate.


4.      I further certify that, to the best of my knowledge, the translation is a true and accurate translation of the attached document.


Date:  July 21, 2026                    _____

                                                    Signature

Docusign Envelope ID: FD2A4FDD-A223-8C2D-80FF-853D81F5835F

**Exhibit B**

# 参加仲裁申请书

申请人：MEI WANG（王梅）

联系地址：江苏省南京市玄武区玄武大道 699 号-22 号 18 幢

美国护照号：548446177

外国人永久居留身份证号：USA320168053002

联系电话：19800177001（逯利军）/13681958151（联系人张春源）

请求事项：

　　作为北京仲裁委员会（2023）京仲案字第 06963 号案的被申请人加入该案。

事实与理由：

　　贵会受理的（2023）京仲案字第 06963 号案，因本人已签署《仲裁协议暨债务加入协议》，并自愿加入案涉全部债务，据此恳请贵会依据《仲裁规则》追加本人为该案仲裁被申请人。本人认可该案的组庭情况，并自愿放弃答辩期、送达期限和选定仲裁员的权利。

　　此致

北京仲裁委员会

申请人：＿＿＿＿＿＿＿　王梅

（盖章/签名）

年　　月　　日

- 1 -

Docusign Envelope ID: FD2A4FBB-A223-8C2D-80FF-853D8155835F

Shanghai Lawtone Trans Co., Ltd.

Professional Translation
Specializing in Foreign Languages
Room 807-809, Building 4, 680 West Shuichan Road, Baoshan District
Shanghai, China (201906)
Contact: 86-21-56573309; 86-21-60733146; 13917277837
www.lawtonetrans.com

## Application for Participation in Arbitration

**Applicant: Mei Wang**

Contact address: Building 18, No. 22, 699 Xuanwu Avenue, Xuanwu District, Nanjing City, Jiangsu Province

U.S. Passport No.: 548446177

Foreign Permanent Resident ID Card No.: USA320168053002

Contact information: 19800177001 (Lijun Lu) / 13681958151 (contact person: Chunyuan Zhang)

**Application Content:**

To participate in the arbitration case under reference number "(2023) J. Z. A. Z. No. 06963" accepted by the Beijing Arbitration Commission as the respondent.

**Facts and Grounds:**

Regarding the case under reference number "(2023) J. Z. A. Z. No. 06963" accepted by your Commission, I have executed the Agreement on Arbitration and Debt Assumption Agreement, and voluntarily assumed all debts involved in the aforesaid case. In light of the foregoing facts, I respectfully request your Commission to add me as the respondent to this arbitration case in accordance with the Arbitration Rules. I acknowledge the formation of the arbitral tribunal for this case, and voluntarily waive my rights to the period for submission of defenses, service period, and the appointment of arbitrators.

Best regards

Beijing Arbitration Commission

Applicant: Mei Wang (Signature and Fingerprint)

(Seal / Signature)

MM/DD/YY

I hereby certify that, to the best of my knowledge, this is an accurate translation of the original.
Translated by GUO Hong        Signature: GUO Hong        Date: July 21, 2026
Qualification: Test for English Majors-Band 8
Certificate No.: 0002263
Organization: Shanghai Lawtone Trans Co., Ltd.
Organization Address: Room 807-809, Building 4, 680 West Shuichan Road, Baoshan District, Shanghai, China (201906)
Contact: 86-21-56573309; 86-21-60733146; 13917277837

# CERTIFICATE OF TRANSLATION

Country of <u>China</u>            )

                                    )   SS:

City of <u>Shanghai</u>            )


     I, <u>Guo Hong</u>, being duly sworn, depose and state:


1.     I am over 18 years of age.  My work address is at <u>Room 808, Building 4, 680 West Shuichan Road, Shanghai, China</u>.


2.     I am fluent in both English and Chinese languages.


3.     I hereby certify that I have translated the document, which is in Chinese language and is attached to this Certificate.


4.     I further certify that, to the best of my knowledge, the translation is a true and accurate translation of the attached document.


Date:  July 21, 2026

_____

Signature

**Exhibit C**

Docusign Envelope ID: FD2A45BB-A223-8C2D-80FF-853D8155835F

（2023）京仲案字第 06963 号  仲裁协议暨债务加入协议

（本页无正文，为《（2023）京仲案字第 06963 号案件仲裁协议暨债务加入协议》签署页）

庚方：**MEI WANG**（王梅）

徐州华美琦悦企业管理咨询有限公司、**LIJUN LU**（逯利军）、东阳赛特斯信息科技有限公司、邢台赛特斯信息科技有限公司、**MEI WANG**（王梅）共同授权的仲裁代理人签字：

## Shanghai Lawtone Trans Co., Ltd.

Professional Translation
Specializing in Foreign Languages
Room 807-809, Building 4, 680 West Shuichan Road, Baoshan District
Shanghai, China (201906)
Contact: 86-21-56573309; 86-21-60733146; 13917277837
www.lawtonetrans.com

Arbitration Agreement and Debt Assumption Agreement involved in the Case Numbered (2023) J. Z. A. Z. No. 06963

(This page is intentionally left blank as the signature page for Arbitration Agreement and Debt Assumption Agreement involved in the Case Numbered (2023) J. Z. A. Z. No. 06963)

Party F: Mei Wang

Mei Wang (Signature and Fingerprint)

Signature of arbitration attorney jointly authorized by Xuzhou Huamei Qiyue Enterprise Management Consulting Co., Ltd., Lijun Lu, Dongyang CertusNet Information Technology Co., Ltd., Xingtai CertusNet Information Technology Co., Ltd., and Mei Wang:

Page 9 of 11

I hereby certify that, to the best of my knowledge, this is an accurate translation of the original.
Translated by GUO Hong          Signature: GUO Hong          Date: July 21, 2026
Qualification: Test for English Majors-Band 8
Certificate No.: 0002263
Organization: Shanghai Lawtone Trans Co., Ltd.
Organization Address: Room 807-809, Building 4, 680 West Shuichan Road, Baoshan District, Shanghai, China (201906)
Contact: 86-21-56573309; 86-21-60733146; 13917277837

# CERTIFICATE OF TRANSLATION

Country of <u>China</u>                    )

                                                 )   SS:

City of <u>Shanghai</u>                    )

I, <u>Guo Hong</u>, being duly sworn, depose and state:

1.        I am over 18 years of age.  My work address is at <u>Room 808, Building 4, 680 West Shuichan Road, Shanghai, China</u>.

2.        I am fluent in both English and Chinese languages.

3.        I hereby certify that I have translated the document, which is in Chinese language and is attached to this Certificate.

4.        I further certify that, to the best of my knowledge, the translation is a true and accurate translation of the attached document.

Date:  July 21, 2026                    _____

                                                         Signature